**Dick FRENCH, Appellant,**

**v.**

**COMMUNITY BROADCASTING OF COASTAL BEND, INC., Appellee.**

**No. 13–88–447–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 2, 1989.

Rehearing Denied Feb. 28, 1989.

Nancy C. McCoy, Houston, for appellant.

James R. Harris, Rita C. Berthelot, Harris, Browning, Jordan & Hyden, Corpus Christi, Jack W. Marr, Kelly, Stephenson & Marr, Victoria, William A. Abernethy, Meredith, Donnell & Abernethy, J. Michael Mahaffey, Kleberg, Dyer, Redford & Weil, Bryan Powers, White, Huseman, Pletcher & Powers, Corpus Christi, Mary Anne Wyatt, McKay & Russell, Victoria, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a temporary injunction. We reform and affirm.

Community Broadcasting of Coastal Bend, Inc. (CBCB) filed suit against Dick French seeking to enjoin and restrain him from taking any further action on an appli-

cation that he filed with the Federal Communications Commission (FCC) for a broadcasting license currently held by CBCB. French was hired by CBCB in December, 1985 to manage its television station, KAVU–TV, Channel 25, in Victoria, Texas. Prior to employment, French executed a management contract which contained a covenant not to compete. French was given a salary of $100,000.00, purchased 10 percent of the outstanding stock, and was made a member of the Board of Directors. During the course of his employment, CBCB became concerned with a number of matters regarding French's performance and terminated his employment.

Thereafter, while CBCB's license to operate KAVU–TV was before the FCC for renewal, French filed an application with the FCC for a construction permit to operate a television station on Channel 25, the same channel that had been assigned to KAVU–TV. A license application is the first and a necessary step to engage in television broadcasting. CBCB filed an application for temporary injunction requesting French be enjoined from proceeding with his FCC application. The district court found that the covenant was valid and enforceable. French brings eight points of error contesting the trial court's action.

## I.  JURISDICTION

■ French argues by his first point of error that the trial court invaded the province of the Federal Communications Commission by requiring him to withdraw his application for the broadcasting license. He argues that the trial court had no subject matter jurisdiction. French claims that the trial court's injunction order had the effect of making a factual determination of who should get the contested license. In *Radio Station WOW, Inc. v. Johnson*, 326 U.S. 120, 131, 65 S.Ct. 1475, 1481–2, 89 L.Ed. 2092 (1945), the Supreme Court held that a state court has not been deprived of power to act on a state law claim merely because licensed facilities are involved. Likewise, in *Regents of University System of Georgia v. Carroll*, 338 U.S. 586, 70 S.Ct. 370, 371, 379, 94 L.Ed.

363 (1950), the Supreme Court held that the FCC had no authority to determine the validity of a contract between a licensee and another.

The trial court in this case was interpreting a Texas contract. The court determined the rights of French and CBCB under a contract between them. The court made no order concerning the conveyance of the FCC license and did not interfere with the statutory duties of the FCC. The court had subject matter jurisdiction to so act. *See Radio Station WOW*, 65 S.Ct. at 1481.

Point one is overruled.

## II.  VALIDITY OF COVENANT NOT TO COMPETE

■ By his second point of error, French argues that the trial court erred in granting the injunction because the undisputed evidence shows that the restrictive covenant is unenforceable under Texas law. The pertinent portions of the covenant the parties entered into is as follows:

§ 6.03. *Restrictive Covenant.* Manager covenants and agrees as follows: Upon termination of his employment, unless said termination is without cause, *Manager shall not, directly or indirectly,* within the Area of Dominant Influence, as defined by Arbitron, of KAVU–TV, including, but not limited to, Victoria and such other counties as may be included in the area of Dominant Influence at the date of termination of employment, enter into or engage generally in direct competition with the Employer in the business of television broadcasting, excluding low power television stations, either as an individual on his own or as a partner or joint venturer, or as an employee or agent for any person, or as an officer, director, or shareholder or otherwise, for a period of three (3) years after the date of termination of his employment hereunder. This covenant on the part of Manager shall be construed as an agreement independent of any other provision of this Contract; and the existence of any claim or cause of action of Manag-

er against Employer, whether predicated on this Contract or otherwise, shall not constitute a defense to the enforcement by Employer of this covenant. If said termination is without cause, the length of said covenant will be reduced to six (6) months. (emphasis added).

Under Texas law, a covenant not to compete is not enforceable if it restricts the right of one to engage in a common calling. *See Martin v. Credit Protection Association, Inc.*, 31 Sup.Ct.J. 626 (July 13, 1988) (not yet reported). However, covenants not to compete will be upheld if the covenant is incident to the sale of a business or if it is a post employment covenant to prevent utilization of special training or knowledge. *Id.* at 626. The test to determine the reasonableness of a restrictive covenant requires that the covenant:

1) must be necessary for the protection of the promisee;

2) must not be oppressive to the promisor in respect to time, territory or activity;

3) must not be injurious to the public through prevention of competition or by depriving the community of needed goods,

4) should be enforced only if the promisee gives consideration for something of value.

*DeSantis v. Wackenhut Corp.*, 31 Tex.Sup. Ct.J. 616 (July 13, 1988) (not yet reported).

A party seeking a temporary injunction to uphold a restrictive covenant has the additional burden to show a probable right to prevail on the merits and probable injury in the interim. *Id.* at 619–20. A trial court's decision to grant an injunction should not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). We will review the evidence following the earlier discussed rules, but we note that the trial court specifically took notice of evidence presented before it at an earlier hearing. A transcription of that hearing has not been brought forward as part of the record.

The trial court found that the covenant was necessary to protect a legitimate interest of CBCB. Anthony Constant, a director of CBCB, testified that while French was the chief operating officer, he had access to customer lists, files, records and other proprietary matters of the station. Included in those records and files were pricing schedules, how air time was bartered for services, but more importantly, the financial and credit problems the station had with certain suppliers of video so it could not obtain products it needed. According to Constant, these were matters held in strict confidence and would be extremely helpful to a competitor. French had never before been a television station general manager. Constant said that he would not have given French the opportunity to learn to be a station manager if French had not agreed to enter into an agreement not to compete with the station in the area that was described in the covenant. French had an extensive background in radio and had television broadcasting experience as well.

Dick French testified that he received no special training with CBCB. Constant testified on cross examination that the financial information concerning CBCB would have been available to French as a shareholder. French testified that he created the station's customer list and the operational strategies used by the station. There was evidence, though conflicting, that the covenant was necessary for a legitimate business purpose of protecting the business of CBCB and that French received special knowledge as general manager of the television station that he did not have prior to employment.

French also alleges that the covenant does not meet the second prong of the *Hill* test because it is oppressive to him and unreasonable as to time, territory and activity. The covenant is limited to six months if the termination was without cause and three years with cause. The trial court made no finding concerning whether the termination was with or without cause. The covenant restrains French from competition in the "area of dominant influence, as defined by Arbitron, of

KAVU–TV, including, but not limited to, Victoria and such other counties as may be included in the area of dominant influence at the date of termination of employment."

In balancing the interest of the employer and the oppressiveness on the employee, we find it significant that French was the general manager of the television station and was responsible for and directed all activities at the station—promotions, sales, programing, hiring, firing, etc. He set policies and determined marketing strategy. French knew all of the strengths and weaknesses of the station that would be influenced directly by the actions he took as general manager or by the policies he adopted. He was not an ordinary employee but was the chief operating officer of the station. *See Integrated Interiors, Inc. v. Snyder,* 565 S.W.2d 350 (Tex.Civ.App.— Fort Worth 1978, writ ref'd n.r.e.); McKelvey, Postemployment Noncompetitive Restrictive Covenants in Texas, 30 South Texas Law Rev. 1, 31 (Dec.1988).

French was not forbidden from employment in a radio station, which made up the bulk of his past work experience. He was not prohibited from making a livelihood or to engage in the television business outside the Victoria area. It was for a reasonable period of time. There was evidence to support the trial court's finding that the restraint was not oppressive as to time, territory and activity. There was also evidence from which the trial judge could have determined that the covenant was not injurious to the public health by depriving the public of needed competition or goods.

There was evidence to support the contention that there was sufficient consideration for the covenant. French was paid a salary of $100,000.00 per year and was made a director of the corporation. He received stock bonuses and benefits based on his performance. There was also evidence that the covenant was entered into pursuant to the purchase of stock. French learned how to operate a television station based on his experience at CBCB.

We hold the restrictive covenant is not invalid. Appellant's second point is overruled.

### III. UNCLEAN HANDS

■ By his third point, French claimed the trial court erred in granting the injunction because appellee had "unclean hands" in that it materially breached the employment agreement. French claims that CBCB materially breached the contract by failing to pay him severance, by failing to give him 90 days written notice prior to termination, by refusing to buy his home in accordance with the contract and by refusing to issue stock. The covenant itself stated that it "shall be construed as an agreement independent of any other provision" and that other causes of action should not constitute a defense to the covenant. The contract also contained a clause allowing for recovery of damages for any breach of contract. The trial court did not abuse its discretion by failing to find CBCB's "unclean hands" barred the enforcement of the covenant.

Point three is overruled.

### IV. BREACH OF THE COVENANT

■ By point four, French argues that the trial court erred because the terms of the covenant were vague and appellant was not "competing" within the meaning of the provision. The covenant here was limited to the area of dominant influence and specifically forbade French from engaging in television broadcasting within a certain area and for a specified time. These provisions are specific. Appellant also claims that filing an application with the FCC is not competing within the meaning of the covenant. In order to broadcast, a license must be granted by the FCC. Without a license, a station may not broadcast. If French was granted the FCC license in place of CBCB, he would, in effect, put CBCB out of business. This is certainly competition.

Point four is overruled.

### V. EXTENT OF THE INJUNCTIVE RELIEF

Appellant's fifth through eighth points of error will be addressed together. In

point five, appellant argues that the trial court erred in granting a mandatory injunction because of circumstances necessary for this extraordinary remedy are lacking and the relief granted exceeded the relief requested. By his sixth and seventh points, he argues the trial court erred in forcing him to execute a document containing the statement that he had no objection to CBCB's license being renewed and ordering him not to communicate with the FCC concerning the pending application. French argues in point eight that the trial court erred in ordering him to make material misrepresentations and omissions to the FCC.

The contested portions of the injunction order which are of concern under these points are:

> IT IS FURTHER ORDERED that Richard Lee French be, and hereby is, commanded forthwith to resist and refrain from filing any further Applications *or other documents* with the Federal Communication Commission that may relate in any manner to the license of Channel 25, Victoria, Texas, and/or Community Broadcasting of Coastal Bend, Inc.
>
> IT IS FURTHER ORDERED that Richard Lee French be, and hereby is, commanded forthwith *to cease and refrain from taking any action to impede or interfere with the Application filed by Plaintiff,* Community Broadcasting of Coastal Bend, Inc. before the Federal Communications for the renewal of its license to operate Channel 25, Victoria, Texas.
>
> IT IS FURTHER ORDERED that Richard Lee French be, and hereby is, commanded to withdraw the Application for Construction Permit by executing and delivering the original of the attached letter [1] addressed to the Federal Communications Commission and shall furnish proof of such withdrawal within ten (10) days of the date of this order, that being September 18, 1988, by filing a copy of same with the Clerk of this Court.

> IT IS FURTHER ORDERED that Richard Lee French be, and hereby is, commanded forthwith to cease and refrain from taking any action to interfere with the transfer of Plaintiff's broadcasting license to First Victoria National Bank, including, but not limited to, filing any type of protest or other proceedings with the Federal Communications Commission. (emphasis ours)

Tex.Const. art. 1 § 8 provides:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

There is no power in courts to make one person speak only well of another. *Pirmantgen v. Feminelli,* 745 S.W.2d 576, 578 (Tex.App.—Corpus Christi 1988, no writ). The Constitution leaves him free to speak well or ill; and if he wrongs another through abuse, he will be responsible in damages or punished by criminal law. *Id.* Any prior restraint of expression comes with a heavy presumption against constitutional validity. *Amalgamated Meat Cutters v. Carl's Meat & Provision Co.,* 475 S.W.2d 300, 303 (Tex.Civ.App.—Beaumont 1971, no writ).

The public policy in Texas is against covenants not to compete except under certain limited circumstances. *See De Santis,* 31 Tex.Sup.Ct.J. at 618. Even though the covenant in this case may be valid, it is to be construed strictly so as not to prohibit those activities that are only marginally covered by it. Some of the activities prohibited or ordered by the trial court below are not directly within the scope of the covenant's coverage. When those marginally prohibited activities are also activities that have strong constitutional and statutory protection, we believe the constitutional protection must prevail.

The non-competition agreement in this case prohibited French from entering into

---

1. The letter requests the FCC to dismiss his application for a permit and indicates that French has no objection to granting the mutually exclusive application to renew the license of Station KAVU–TV, Victoria, Texas.

**336**

direct or indirect competition with CBCB. The injunction prohibited French from engaging in activities well beyond the express prohibitions of the covenant.

We agree with appellant that the trial court was in error in prohibiting French from filing any documents with the FCC that may relate in any manner to the license of CBCB. The trial court's order requiring French to send a letter to the FCC saying that he had no objection to CBCB's application in the face of undisputed evidence that he did object to their application was improper. Both unnecessarily impeded appellant's right to speak. French did not contract away his right to speak before the FCC when he signed the covenant not to compete. The covenant not to compete required French to refrain from entering into or engaging directly or indirectly in competition with CBCB for a specified time period. It does not and should not prohibit French from voicing an opinion regarding CBCB's license. We sustain appellant's sixth and seventh points of error and modify the injunction to delete those portions of the order restraining French from filing documents other than a competing application and requiring French to deliver the aforementioned letter to the FCC. *See Batey v. Drever Associates Professional Personnel Service,* 576 S.W.2d 35, 36 (Tex.1978).

French argues in point eight that the trial court ordered him to violate 47 C.F.R. § 73.3525(c) requiring an applicant who requests a dismissal of his application to file an affidavit stating specifically the consideration given. This regulation applies only when an agreement for removal of the application has been made. No agreement was entered into between French and CBCB.

We need not address any violation of 47 C.F.R. § 73.1015, since we have already held that portion of the injunction was improper. We overrule point eight.

By his fifth point, French argues that the relief granted far exceeded the relief requested. Because we have already held that the complained-of portions of the injunction were improper, and have excised the offending language, point five is overruled.

The injunction issued by the trial court is MODIFIED to read as follows:

It is therefore ordered that Richard Lee French be, and hereby is, commanded forthwith to desist and refrain from taking any further action on the Application for Construction Permit for Channel 25, Victoria, Texas, which he has previously filed with the Federal Communications Commission.

It is further ordered that Richard Lee French be, and hereby is commanded forthwith to desist and refrain from filing any further applications with the Federal Communications Commission that may relate to the license of Channel 25, Victoria, Texas.

It is further ordered that Richard Lee French be, and hereby is, commanded to withdraw his Application for Construction Permit.

As MODIFIED, the judgment of the trial court is AFFIRMED.