**Wayland and Lynette BROYLES, Relators,**

v.

**Hon. Clyde R. ASHWORTH, Judge, 96th District Court, Tarrant, Respondent.**

**No. 2–89–279–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 28, 1989.

---

Zachry, Hill, Beatty & Butcher and Tom Hill and Constance Langston, Fort Worth, for relators.

Rebecca C. Lucas, Fort Worth, for respondent.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Lynette and Wayland Broyles bring this original proceeding in which they ask us to issue a writ of mandamus ordering the trial court to vacate its order of November 10, 1989, an order that granted a writ of habeas corpus to D.L.S., a California resident and the natural mother of the child who is the subject of an underlying suit for termi-

nation of D.L.S.'s parental rights. The Broyleses seek to adopt the child in the event of a successful termination.

We conditionally grant the writ of mandamus because at the time of the hearing on the application for writ of habeas corpus the Broyleses were temporary managing conservators of a child under a valid and subsisting court order that the trial court was without authority to amend in a habeas corpus proceeding.

D.L.S. had previously placed her child with the Broyleses and executed an affidavit of relinquishment of her parental rights. Later the 325th District Court terminated her parental rights and named the Broyleses as managing conservators of the child.

Subsequent to the termination, D.L.S. sought and obtained from Robert L. Wright, judge of the 325th District Court, a new trial. In his order granting the new trial, Wright named the Broyleses as temporary managing conservators of the child.

D.L.S. subsequently filed an application for writ of habeas corpus, seeking an order for possession of the child. In her application she alleged that the right of possession of the child was not governed by a valid court order, alleging that if an order had been issued, that it was void due to lack of jurisdiction and for other reasons. She alleged that she was entitled to possession of the child because she had revoked her affidavit of relinquishment and the placement of her child with the Broyleses, and because, as the "sending agency" under the Interstate Compact on Child Placement, section 45.021 of the Human Resources Code, she retained jurisdiction over the custody of her child. She also claimed that the Broyleses lacked standing to bring their suit for termination.

Following a hearing on D.L.S.'s application for writ of habeas corpus, Judge Clyde Ashworth, a retired judge sitting for Judge Wright by assignment, signed an amended order on a motion for new trial on November 10, 1989 which removed the Broyleses as temporary managing conservators. On the same day, he signed an order granting D.L.S.'s application for writ of habeas cor-

pus and ordered the Broyleses to deliver possession of the child to her. Subsequently, the Broyleses initiated this mandamus proceeding.

■ Mandamus lies to compel the vacation of an order granting a writ of habeas corpus to someone other than a managing conservator named by a valid court order. *Mergerson v. Daggett,* 644 S.W.2d 451, 452 (Tex.1982). It follows that since the Broyleses were named as managing conservators by Judge Wright's order granting D.L.S. a new trial, they are entitled to the writ of mandamus if Judge Wright's order was a valid and subsisting order.

The trial court in a termination of parental rights case is authorized to enter temporary orders regarding the conservatorship of the child involved, upon proper notice and hearing. TEX.FAM.CODE ANN. sec. 11.11(a)(1), (b) (Vernon 1986). Two responses to the petition for writ of mandamus were filed for Judge Ashworth, one by D.L.S., and one by the child through the child's attorney ad litem. Since the D.L.S. response contains all of the points raised by the ad litem attorney, we will for convenience refer to the contentions as being those of D.L.S.

■ D.L.S. contends that she had no notice that Judge Wright, following the hearing on her motion for new trial, would enter an order naming the Broyleses as temporary managing conservators of the child. At the time she filed her motion for new trial, the Broyleses were the managing conservators of the child by virtue of the termination decree. In her motion for new trial, D.L.S. asked the judge to set aside the decree naming the Broyleses as managing conservators, and to give possession of the child to her. The judge granted partial relief to D.L.S., granting her a new trial and altering the Broyleses' status from that of permanent managing conservators to that of temporary managing conservators. We find that given the nature of the relief D.L.S. was requesting that she had adequate notice and hearing with respect to the court's order altering the status of the Broyleses from permanent managing con-

servators to temporary managing conservators.

■ D.L.S. also contends that she placed the child in Texas in accordance with the Interstate Compact for the Placement of Children, section 45.021 of the Texas Human Resources Code, and that as the "sending agency" under that compact, she had a superior right to possession of the child. We will assume, without deciding, that the Compact is applicable to this transaction, and that D.L.S. is a "sending agency" as defined in the Compact, although there are opinions from other states that raise questions as to both assumptions. *See In re Adoption of MM,* 652 P.2d 974, 981 (Wyo.1980); and *Matter of Male Child Born July 15, 1985,* 221 Mont. 309, 718 P.2d 660, 663–64 (1986).

D.L.S. refers us to Article V(a) of the Compact, found at section 45.021 of the Texas Human Resources Code. Under the heading, "RETENTION OF JURISDICTION," the compact provides in part as follows:

> The sending agency shall retain jurisdiction over the child sufficient to determine all matters in relation to the custody, supervision, care, treatment, and disposition of the child which it would have had if the child had remained in the sending agency's state, until the child is adopted, reaches majority, becomes self-supporting or is discharged with the concurrence of the appropriate authority in the receiving state. Such jurisdiction shall also include the power to effect or cause the return of the child or its transfer to another location and custody pursuant to law.

TEX.HUM.RES.CODE ANN. sec. 45.021 (Vernon 1980). D.L.S. interprets this section as meaning that the trial court lacked the authority to leave the child with the Broyleses because she, as the sending agency, retains jurisdiction over the custody of the child. We interpret the statute as meaning that whatever authority the sending agency might have with respect to custody and disposition of the child, prior to one of the listed events, is to be determined according to the law of the sending

agency's state. We do not interpret the section to mean that a natural mother, if she is the sending agency, has the absolute right to regain custody of a child which she has placed in another state for adoption, merely upon her demand.

There was no showing before Judge Ashworth that D.L.S. had an absolute right to possession under California law. He, therefore, was required to presume that D.L.S.'s rights to custody and possession of the child are the same under California law as they are under Texas law. *See Harris v. Harris*, 403 S.W.2d 445, 447 (Tex.Civ. App.—Houston 1966, writ ref'd n.r.e.). We have already discussed the fact that under Texas law the trial court had the right to name the Broyleses as temporary managing conservators, as opposed to turning the child over to D.L.S.

■ D.L.S. maintains that the Broyleses have failed to show that they do not have an adequate remedy at law, since the termination cause is set for jury trial early in January, 1990. If the trial is held on schedule, and there is no guarantee that it will be, a legal remedy cannot restore the loss of companionship with the child over that period of time. We hold that the facts do show that the Broyleses do not have an adequate remedy at law.

■ D.L.S. asserts that since she had revoked her affidavit of relinquishment, there were no grounds for the termination of her parental rights, so that the trial court would not have a basis for awarding temporary managing conservatorship to the Broyleses. In addition to the allegation that D.L.S. had executed an unrevoked or irrevocable affidavit of relinquishment of parental rights, the Broyleses alleged in their original petition for termination that D.L.S. "voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return." That allegation is the same as the first ground for termination listed in section 15.-02(1)(A) of the Texas Family Code. No basis is stated as to why this could not be a ground of termination under the facts in this case.

■ D.L.S. contends that the Broyleses lack standing to bring the termination suit. It is apparent from D.L.S.'s affidavit of relinquishment that she waived any objection to any lack of standing on the part of the Broyleses in bringing the suit for termination. We also note that there is no allegation of any lack of standing in D.L.S.'s motion for new trial. Such an issue may not be raised for the first time in a collateral proceeding. *Ex parte McClain*, 762 S.W.2d 238, 242 (Tex.App.—Beaumont 1988) (orig. proceeding).

■ Finally, D.L.S. insists that if Judge Wright had the right to issue his temporary order without notice, that Judge Ashworth had the right to amend the order without notice, and vice versa. As we have previously noted, Judge Wright did not issue his temporary order without notice, since he was granting, in part, relief requested by D.L.S. By contrast, the Broyleses had no notice in this habeas corpus proceeding that there was to be any reconsideration of their status as temporary conservators. No motion to modify conservatorship was filed. The trial court is without authority to amend an order designating managing conservators in the absence of the filing of a motion to modify. TEX.FAM.CODE ANN. sec. 14.08(a) (Vernon 1986).

Article 14.10(a) of the Family Code provides that if the right to possession of a child is currently governed by a court order, the court in a habeas corpus proceeding is to compel the return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order. Since it was the Broyleses, and not D.L.S., who were in possession of the child at the time of the habeas corpus proceeding by virtue of a valid and subsisting court order, and since Judge Ashworth had no right to modify the temporary orders in the absence of a motion to modify it follows that Judge Ashworth had the duty by virtue of article 14.10(a) to deny D.L.S.'s application for a writ of habeas corpus.

We therefore conditionally grant the writ of mandamus to compel the judge of the

325th District Court to vacate his order removing the Broyleses as temporary managing conservators, and to vacate his order granting the writ of habeas corpus which ordered the child be turned over to D.L.S. A formal writ of mandamus will issue only if the trial judge fails to comply with this opinion.