**CORPUS CHRISTI CALLER–TIMES, Relator,**

v.

**The Honorable Fernando G. MANCIAS, Presiding Judge of the 93rd District Court of Hidalgo County, Texas, Respondent.**

**and**

**The BROWNSVILLE HERALD, The McAllen Monitor, and the Valley Morning Star, Relators,**

v.

**The Honorable Fernando G. MANCIAS, Presiding Judge of the 93rd District Court of Hidalgo County, Texas, Respondent.**

Nos. 13–90–232–CV, 13–90–244–CV.

Court of Appeals of Texas, Corpus Christi.

July 12, 1990.

Luke C. Kellogg, Thomas G. Sharpe, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, Jorge C. Rangel, Rangel & Chriss, Corpus Christi, Gregory Smith, Mike Hatchell, Ramey, Flock, Jeffus & Crawford, Tyler, for relator.

Daniel R. Rutherford, San Antonio, Dennis E. Hendrix, Edinburg, for respondent.

Before KENNEDY, BENAVIDES and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Relators, the Corpus Christi Caller Times, the Brownsville Herald, the McAllen Monitor, and the Valley Morning Star (The Newspapers), seek relief from a trial court injunction by writ of mandamus. In their motion, the Newspapers request relief from an order issued by the Honorable Fernando Mancias, Judge of the 93rd District Court in Hidalgo County, prohibiting the Newspapers from printing false, misleading or deceptive headlines which are not substantiated by the contents of any story involving Sheriff Brigido Marmolejo, the real party in interest. The Newspapers contend that the injunction is void, illegal and amounts to a clear abuse of the trial court's discretion. We agree.

Brigido Marmolejo, sheriff of Hidalgo County, filed suit against the Newspapers alleging that the newspapers defamed him and published headlines which were not substantiated by the contents of the corresponding news article. The headline of the article in question suggested that the FBI had accused Marmolejo of abetting drug trafficking. After a hearing on Marmolejo's request for injunctive relief, the trial court entered an order enjoining the Newspapers from printing false, misleading, or deceptive headlines that are not substantiated by the contents of the story as they concerned Marmolejo. The Newspapers

filed this petition for writ of mandamus, raising both the facial and constitutional invalidity of the trial court's order.

■■■ Our first inquiry is whether mandamus is the proper remedy in this instance. Mandamus is an extraordinary remedy which should be used sparingly. Generally, mandamus is not proper when there is an adequate remedy by appeal. However, the availability of other remedies will not prohibit mandamus to issue to correct a gross abuse of discretion. *State v. Sewell,* 487 S.W.2d 716, 719 (Tex.1972). Likewise, mandamus is appropriate in matters in which justice demands a speedy resolution. *See Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987). Mandamus is also proper when delay subjects a party to the prospect of irreparable loss in the meantime. *Broyles v. Ashworth,* 782 S.W.2d 31, 34 (Tex.App.—Fort Worth 1989) (orig. proceeding). The Newspapers claim that the first amendment issues presented in this appeal make any remedy by appeal, even accelerated, inadequate. They argue that every day the injunction remains in effect, their constitutional rights are impermissibly restricted and subject to the prospect of new, irreparable harm flowing from that restriction.

■■■ The liberty of the press is essential to a free state. *Near v. Minnesota,* 283 U.S. 697, 51 S.Ct. 625, 630, 75 L.Ed. 1357 (1931). This liberty consists of allowing no prior restraints upon publication, rather than freedom from censure when what is published is improper. *Id.* An injunction which imposes a prior restraint upon speech and publication constitutes an impermissible restraint on First Amendment rights. *Pirmantgen v. Feminelli,* 745 S.W.2d 576 (Tex.App.—Corpus Christi 1988, no writ). A person's right to speak cannot co-exist with a power to compel silence or fashion the form of speech. *Id.* at 578. The essence of a prior restraint by injunction is that it is a predetermined judicial prohibition restraining specific expression. *See Bernard·v. Gulf Oil Co.,* 619 F.2d 459, 467 (5th Cir.1980).

■■■ Here, the injunction in question potentially subjects the Newspapers to the personal censorship of the trial judge each time a news item concerning Sheriff Marmolejo presents itself. The injunction prohibits the Newspapers from printing false, misleading or deceptive headlines. These terms necessarily involve the subjective determination by the trial judge that a particular headline fits that category. We find that such a prohibition amounts to an impermissible prior restraint on the Newspapers. This threat of censorship is not remediable by the normal appellate process because it is a continuing threat which concerns the fundamental constitutional right to speak freely which must be protected. For these reasons, we find that mandamus should issue.

■■■ Relators also point to the fact that the injunction order on its face fails to comply with Tex.R.Civ.P. 683, because it does not contain a trial setting. We agree. The Supreme Court, in *Interfirst Bank San Felipe v. Paz Constr. Co.,* 715 S.W.2d 640 (Tex.1986), held that an order which does not adhere to the requirements of the rules governing injunctions is subject to being declared void. We declare this injunction void for failing to contain the required trial date. We note that the lack of a trial date under normal circumstances would not render an appeal inadequate. We wish to make clear that our reasons for granting this mandamus relief are those set forth earlier in this opinion.

We conditionally grant the Newspapers' petition for writ of mandamus. In view of the foregoing, we are confident the trial judge will vacate the injunction order signed on June 20, 1990. Mandamus will issue only if he refuses to do so.

BENAVIDES, J., dissents.

BENAVIDES, Justice, dissenting.

I dissent from the majority opinion in this mandamus because I believe that the relators have an adequate remedy by appeal. Sheriff Brigido Marmolejo sued the Newspapers in the underlying lawsuit alleging both defamation and violation of the Texas Deceptive Trade Practices Act. Marmolejo contends that he was entitled to

a temporary injunction to enjoin the newspapers' marketing scheme as it impacts upon him as a consumer. The sheriff argued that the headline of the story in issue was a method used to sell newspapers. He claimed that because the particular headline was false, the newspapers violated the DTPA by publishing it. The headline read: "FBI accuses Hidalgo sheriff of abetting drug trafficking." The story indicated that the FBI refused to say whether the sheriff was the target of a federal drug investigation. An affidavit from an FBI agent, which had been used to support a prior FBI wire tap on the phone of Antonio Franco, stated that a confidential informant had stated in an affidavit that Marmolejo had been involved with Franco in smuggling drugs into the United States. The article contained no information that indicated that Marmolejo had actually been accused by the FBI. The trial court found the headline false and misleading. The injunction issued by Judge Mancias prohibits the Newspapers from printing false, misleading, or deceptive headlines that are not substantiated by the contents of the story pertaining to such headlines and involving Marmolejo.

The majority finds that the relief by appeal is inadequate because the injunction *potentially* subjects the Newspapers to the personal censorship of the trial judge each time a news item concerning Sheriff Marmolejo presents itself. I do not believe that the potential for harm to the Newspapers by being restrained from publishing false headlines concerning Marmolejo makes the remedy by appeal inadequate. This is especially true here because the injunction does not prohibit the Newspapers from publishing any story about Marmolejo, even a false story, as long as the headline correctly reflects the content of the story.

In essence, the Newspapers are also claiming that the delay in the appellate process will render inadequate the remedy by appeal. I do not believe the potential of harm alone shows that remedy by appeal is inadequate. Here, the Newspapers attempt to secure by mandamus the exact relief they would be entitled to request by

appeal. This case involves a temporary injunction. Tex.R.App.P. 42 provides for accelerated appeals from temporary injunctions. This rule abbreviates all appellate timetables. Tex.R.App.P. 43(c) provides that on perfection of an appeal from an interlocutory order, the appellate court may issue such temporary orders as it finds necessary to preserve the rights of the parties until disposition of the appeal. Any impending harm could be alleviated through a request for temporary relief pending appeal.

I agree with the majority that the right to speak and publish freely is fundamental and that prior restraints on that freedom cannot be upheld. Nevertheless, all of the cases that I find which hold that an action is a prior restraint do so by means of an appeal rather than by mandamus.

Mandamus is an extraordinary remedy which should be used cautiously by appellate courts only when there is no other avenue for relief. Recently, in *Bell Helicopter v. Walker*, 787 S.W.2d 954 (Tex. 1990) (not yet reported), the Supreme Court reiterated that it lacked the jurisdiction to supervise incidental rulings of the trial court. The cost and delay of pursuing an appeal do not render the remedy by appeal inadequate. In *Bell*, the Court determined that the lack of subject matter jurisdiction did not fall within any of the recognized exceptions to the general rule that mandamus will not lie when there is an adequate remedy by appeal. The Court referred to an earlier case which held that incidental rulings include a myriad of interlocutory orders and judgments in which it might logically be argued that the petitioner for the writ was entitled as a matter of law to the action sought to be compelled. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985). I believe that the situation here is the same.

The Newspapers are attempting a speedier disposition of their appeal. Although I have no quarrel with the majority's position that the temporary injunction was improper, it is clear to me that the Newspapers have an adequate and, in fact, an accelerated means of having their dispute heard. If mandamus is made available to those

who assert *potential* harm pending appeal, it will assuredly be requested by those who will suffer actual harm to other protected rights during the appellate process, such as the rights to assemble and contract. These and other protected areas are frequently curtailed by temporary injunction. Mandamus would become the remedy for correction of improper injunctions, replacing the accelerated appellate review specifically provided by Texas law. Circumstances might arise which would make an appeal inadequate and compel mandamus; however, such circumstances do not exist in this case.

In sum, I believe this Court is without jurisdiction to issue a mandamus in this instance. I would reserve judgment until the case could be heard on the merits of the appeal from the temporary injunction.