

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00249-CV

IN THE INTEREST OF
S.R.B., A CHILD

------------

FROM COUNTY COURT AT LAW OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant parents filed a notice of appeal on July 17, 2013, seeking to appeal the trial court's denial of a writ of habeas corpus in which it found S.R.B. to be an "Indian Child" as defined under the federal Indian Child Welfare Act (ICWA) but also found that the ICWA did not apply to this private termination of parental rights case.

---

[1]*See* Tex. R. App. P. 47.4.

On July 24, 2013, we sent appellants a letter indicating our concern that we lacked jurisdiction over the appeal because the trial court's July 9, 2013 order did not appear to be a final judgment or an appealable interlocutory order. Accordingly, we informed appellants that unless they or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by August 5, 2013, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

On July 25, 2013, we sent appellants an additional letter, acknowledging that we had received a copy of the trial court's "Supplemental Order Denying Issuance of Writ of Habeas Corpus." In that order, the trial court again denied the request for habeas corpus, found that the ICWA did not apply, and attempted to grant appellants permission to appeal the order with regard to whether the ICWA applied as a question of law that substantially affected most controlling questions in the case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2008 & Supp. 2012) (providing for permissive interlocutory appeals under certain circumstances). We restated our concern that we lacked jurisdiction over the appeal because of the lack of a final judgment or appealable interlocutory order in *this* case. *See id.* § 51.014(d-1) (West Supp. 2012) (providing that subsection (d) does not apply to actions brought under the family code). We again informed appellants that unless they or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by August 5, 2013, we

2

could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Appellants filed a response, but it does not show grounds for continuing the appeal. Specifically, although appellants argue that the question is whether the family code or the ICWA applies, the private termination suit at issue here was *brought* under the family code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d-1) (specifically excluding actions brought under the family code from allowable permissive appeals). And whether the ICWA applies may be raised in the appeal of the final judgment. *See In re J.J.C.*, 302 S.W.3d 896, 899, 903 (Tex. App.—Waco 2009, no pet.) (finding in termination case brought by the State that the ICWA protections are mandatory in involuntary termination proceedings, stating that failure to follow the ICWA may be raised for the first time on appeal, and abating case to the trial court to determine whether the children were Indian children under the ICWA), *disp. on merits*, 2010 WL 1380123, at *1 (Tex. App.—Waco April 7, 2010, no pet.) (mem. op.) (reversing judgments of termination and remanding cases to the trial court for further proceedings after trial court's determination during abatement that the children were Indian children).[2]

---

[2]We note that although appellants may eventually have an appellate remedy available from a final judgment in this case with regard to the ICWA's applicability, under the circumstances here, it may not necessarily be adequate. *Cf.* Tex. R. App. P. 52; *In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (considering whether parent had an adequate remedy by appeal through a careful balancing of jurisprudential considerations that implicate both

Further, although appellants argue that the trial court's orders denying their application for writ of habeas corpus are "tantamount to a temporary injunction" that would be appropriate for an interlocutory appeal under civil practice and remedies code section 51.014(a)(4), habeas proceedings of this nature are specifically addressed in the family code, which does not provide for an interlocutory appeal. *See* Tex. Fam. Code Ann. §§ 157.371–.376 (West 2008) (addressing habeas proceedings); *Armstrong v. Reiter*, 628 S.W.2d 439, 439–40 (Tex. 1982) (orig. proceeding) (conditionally granting relief after trial court denied parent's application for habeas corpus); *Broyles v. Ashworth*, 782 S.W.2d 31, 32 (Tex. App.—Fort Worth 1989, orig. proceeding) (conditionally granting relief to child's managing conservators from order granting parent's application for writ of habeas corpus when trial court was without authority to amend valid and subsisting order in a habeas corpus proceeding). Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: September 12, 2013

---

public and private interests); *In re Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 492, 498–99 (Tex. App.—Fort Worth 2011, orig. proceeding) (conditionally granting relief when monitored return order was interlocutory and no statute authorized interlocutory appeal of it).