

# NUMBER 13-13-00502-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**FIRST STATE BANK OF ODEM,**                               **Appellant,**

**v.**

**CHARLIE FLORES AND
JESSICA FLORES,**                                     **Appellees.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

The trial court entered an order enjoining First State Bank of Odem (the "Bank")

from foreclosing on the home of Charlie and Jessica Flores. The Bank has now filed an

interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2008). For the reasons set forth below, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

The Bank contends *inter alia* that the order at issue is void because it does not comply with Rule 683 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory, and "an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest Comm. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). Rule 683 does not expressly require that a trial date be set. *See* TEX. R. CIV. P. 683. However, it provides that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." *Id.* Accordingly, this Court and others have held that an order granting a temporary injunction that does not set the case for trial on the merits, such as the order in this case, is void. *See Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.—Texarkana 2004, no pet.) (concluding that although error concerning the mandatory requirements of Rule 683 was not raised on appeal, the temporary injunction was void because it did not include an order setting the cause for trial on the merits); *Henke v. Peoples State Bank*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.) (holding temporary injunction order defective for failure to set forth trial date); *Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 210 (Tex. App.—Houston [1st Dist.] 1991, no writ) (stating injunction order must include specific date for trial on merits); *Corpus Christi Caller–Times v. Mancias*, 794 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1990, no pet.) (holding injunction order void for failing to contain required trial date); *Higginbotham v. Clues*, 730

2

S.W.2d 129, 129 (Tex. App.—Houston [14th Dist.] 1987, no writ) (holding that injunction order violated Rule 683 because it failed to include date for trial on merits). Accordingly, because the trial court's order does not set the case for trial on the merits, the order is void. *See* Tex. R. Civ. P. 683. We sustain the Bank's issue on appeal. *See EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 52–53 (Tex. App.—San Antonio 2002, no pet.) ("We have held that the failure to meet the requirements of [R]ule 683 renders the injunction order fatally defective and void, whether specifically raised by point of error or not.") (quotations, citations omitted).

For the reasons set forth above, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.


                                        NORA L. LONGORIA
                                        Justice

Delivered and filed the
27th day of February, 2013.

3