

**NUMBER 13-14-00644-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**LAREDO NATIONAL BANK D/B/A
BBVA COMPASS BANK,**                                          **Appellant,**

**v.**

**MYRNA ELIZABETH DE LUNA
MORALES,**                                                       **Appellee.**

---

### On appeal from the 107th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

Appellant Laredo National Bank d/b/a BBVA Compass Bank (the Bank) appeals

the district court's order granting appellee Myrna Elizabeth de Luna Morales a temporary

injunction enjoining the forcible detainer suit the Bank was pursuing against Morales in a

justice court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West, Westlaw through Ch. 46, 2015 R.S.) (allowing interlocutory appeals following the overruling of a motion to dissolve a temporary injunction). By three issues, the Bank argues that the temporary injunction order should be dissolved. We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

On January 24, 2006, Morales signed a thirty-year loan agreement (the Loan). In it, she agreed to repay the $291,200 loan from the Bank in monthly installments of $1,937.37 beginning in March 2006. Morales used the Loan to purchase a home. On the same day, Morales executed a deed of trust. In it, she agreed to repay the Loan to the Bank and conveyed the home to a trustee as security for the Bank's repayment. If Morales failed to make payments, the deed of trust required the Bank to give Morales prior notice before accelerating payments. The deed of trust also stated that if Morales ever failed to cure her default, the Bank was entitled to demand payment in full of all the money loaned and to invoke the power of sale. The deed of trust provided that if the power of sale was invoked, Morales authorized the trustee to sell the home to the highest bidder, which could include the Bank itself. Sale of the home would require Morales to surrender possession of the home to the purchaser or become a tenant at sufferance.

On January 8, 2014, the Bank sent Morales a notice indicating that: (1) Morales was in default on her loan by failing to make payments for six consecutive months; (2) Morales must cure the default by paying the $19,919.83 in outstanding payments; and (3) failure to cure the default by February 7, 2014 would result in the remaining balance on the Loan becoming immediately due and payable. On February 10, 2014, the Bank sent

2

Morales a Notice of Acceleration and Notice of Sale, notifying Morales that the foreclosure sale would take place on March 4, 2014. On February 26, 2014, Morales contacted the Bank, indicating that she was confident that she could obtain the funds to cure the default within thirty days, hopefully by selling the home to a potential buyer or in some other way. The Bank agreed to postpone the foreclosure sale until April 1, 2014. However, on March 20, 2014, Morales contacted the Bank, stating that the alleged purchaser of the home had gotten "cold feet." Since she had not sold the home, Morales requested a second postponement of the foreclosure sale, which the Bank denied.

On April 1, 2014, the Bank purchased the home at the foreclosure sale for $308,000. However, Morales never gave up possession of the home. The Bank brought a forcible detainer action in justice court to evict Morales. *See* TEX. PROP. CODE ANN. § 24.002 (West, Westlaw through Ch. 46, 2015 R.S.). Morales responded by filing suit against the Bank in district court for breach of contract, breach of trustee's duties, negligence, wrongful disclosure, trespass to try title, and violations of Chapter 17 of the Texas Business and Commerce Code (also known as the Deceptive Trade Practices Act). On June 26, Morales obtained a temporary injunction in district court, enjoining the Bank from proceeding in its forcible detainer suit in the justice court. The Bank subsequently filed an order to dissolve the temporary injunction, which the district court denied. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We generally review the granting of a temporary injunction for abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner, without reference to

guiding rules or principles. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). However, we apply a de novo standard of review when the issue turns on pure questions of law, such as the effect of a tenant-at-sufferance clause in the deed of trust, and whether appellees had an adequate remedy at law. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 562 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

A temporary injunction is an "extraordinary remedy." *Butnaru*, 84 S.W.3d at 204. To obtain a temporary injunction, the applicant must prove: (1) the existence of a cause of action against the defendant; (2) a probable right to the relief sought; and (3) that a probable, imminent, and irreparable injury would occur to the applicant in the interim if the injunction were not granted. *Id.* When a court does issue a temporary injunction order, it must satisfy certain specificity requirements. *See* TEX. R. CIV. P. 683. Rule 683 of the Texas Rules of Civil Procedure requires that temporary injunction orders must (1) contain a specific date setting the cause for trial and (2) set forth the reasons justifying the issuance of the temporary injunction in specific terms. *Id.*; *see State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) (holding that it is necessary to give the reasons "why injury will be suffered" if the temporary injunction were not ordered); *see also City of Corpus Christi v. Friends of Coliseum*, 311 S.W.3d 706, 708 (Tex. App.—Corpus Christi 2010, no pet.) (same). These provisions are mandatory and must be strictly followed. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). If they are not strictly complied with, the temporary injunction order is subject to being declared void and dissolved. *See* TEX. R. CIV. P. 683; *Interfirst Bank San Felipe v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986); *see also Corpus Christi Caller-Times v. Mancias,* 794 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1990, no writ).

4

Justice courts have original jurisdiction over forcible entry and detainer proceedings. TEX. GOV'T CODE ANN. § 27.031(a)(2) (West, Westlaw through Ch. 46, 2015 R.S.); TEX. PROP. CODE ANN. § 24.004 (West, Westlaw through Ch. 46, 2015 R.S.); *Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.). Forcible detainer proceedings are a "summary, speedy, and inexpensive remedy" to determine who is entitled to immediate possession of the premises without having to resolve a title dispute. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984) (quoting *Scott v. Hewitt*, 90 S.W.2d 816, 818 (1936)). Relying on *Scott*, appellate courts have held that forcible detainer actions in justice courts may be tried concurrently with title disputes in district court. *See Scott*, 90 S.W.2d at 818; *Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010, no pet.); *Breceda v. Whi*, 224 S.W.3d 237, 240 (Tex. App.—El Paso 2005, no pet.); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

Therefore, district courts ordinarily should not enjoin justice courts in their proceedings over forcible detainer cases. *McGlothlin*, 672 S.W.2d at 232. "For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause." *Id.* In other words, if the justice court proceeding's judgment is "only to determine immediate possession," then the justice court has jurisdiction, and the district court has no authority to enjoin the justice court. *Gardner v. Stewart*, 223 S.W.3d 436, 438 (Tex. App.—Amarillo 2006, pet. denied); *see Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913–14 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e). But when the right to immediate possession necessarily requires resolution of a title dispute, then the

justice court has no jurisdiction and can be properly enjoined. *See Yarto v. Gilliland,* 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) (citing *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied)).

## III. DISCUSSION

In three issues, the Bank argues that: (1) it was an abuse of discretion for the district court to impose a temporary injunction because the justice court has exclusive jurisdiction over forcible detainer cases, and as such, the district court had no authority to grant a temporary injunction; (2) even if the district court did have authority to issue a temporary injunction order, the trial court abused its discretion in doing so because Morales did not prove the three essential elements required to receive a temporary injunction order; and (3) even if the requirements were met to receive a temporary injunction order, it should be declared void because it does not mention what irreparable harm Morales would suffer if the order is not granted. *See* TEX. R. CIV. P. 683. We agree with the Bank on all three issues and conclude that the district court erred in granting a temporary injunction.

As to the Bank's first issue, the justice court cannot be enjoined by the district court in a forcible detainer action unless Morales can show that jurisdiction is improper in the justice court. *See McGlothlin*, 672 S.W.2d at 232. We have reviewed the record and conclude that an issue of title that is intertwined with immediate possession was not raised in the justice court. *See Pinnacle*, 447 S.W.3d at 564; *Yarto*, 287 S.W.3d at 89. The case in justice court was simply a dispute between a tenant at sufferance and the owner of the property; the justice court, without having to resolve title, was asked to consider the effect of the tenant-at-sufferance clause on which party had the immediate right to possession.

6

The right to immediate possession in this case was the only issue and it did not require resolution of a title dispute. *See Pinnacle*, 447 S.W.3d at 562 ("When the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession."); *Yarto*, 287 S.W.3d at 89 (observing that the "sole issue" in a forcible detainer suit is who has immediate right to possession); *see also* TEX. GOV'T CODE ANN. § 27.031(a)(2); TEX. PROP. CODE ANN. § 24.004; *Smith*, 206 S.W.3d at 200. Thus, this case is within the exclusive jurisdiction of the justice court and the district court could not enjoin it. *See Gardner*, 223 S.W.3d at 438; *Ramirez*, 600 S.W.2d at, 913–14. We sustain the Bank's first issue.

Furthermore, as to the Bank's second issue, Morales has not shown that she lacks an adequate remedy at law. To the contrary, the Legislature has provided those in Morales's position with an adequate remedy at law: defend herself in the district court suit. *See Scott*, 90 S.W.2d at 818; *Pinnacle*, 447 S.W.3d at 566 ("We conclude as a matter of law that the trial court erred in granting the temporary injunction . . . . appellees have an adequate remedy at law through their wrongful foreclosure claim."). Therefore, the district court had no authority to enjoin the proceedings of the justice court. We sustain the Bank's second issue.

Moreover, even if the district court had authority to enjoin the justice court, and assuming that Morales met the requirements to receive a temporary injunction order, we would still conclude that the injunction order is void because it fails to meet the specificity requirements of rule 683 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 683.

7

The injunction issued does not specifically state the reason the injunction was ordered. The injunction reads: "The Court, having examined the pleadings, having heard evidence, arguments and reviewed the exhibits admitted in evidence finds that Plaintiff is entitled to a temporary injunction order." The court's injunction order sets forth no reasons at all why the injunction order was issued or what injury Morales would suffer if the injunction were not ordered. *See Cook United*, 464 S.W.2d at 106. The temporary injunction order in this case fails on both of the mandatory elements. *See id.;* TEX. R. CIV. P. 683. We sustain the Bank's third issue.

## IV. CONCLUSION

We reverse the trial court's temporary injunction order, and remand the case for further proceedings.

NORA L. LONGORIA,
Justice

Delivered and filed the
20th day of August, 2015.

8