## INTERFIRST BANK SAN FELIPE, N.A. Petitioner,

v.

## PAZ CONSTRUCTION COMPANY, et al., Respondents.

### No. C–5393.

Supreme Court of Texas.

Sept. 10, 1986.

Jerry L. Schutza, Alexrod, Smith, Komiss & Kirshbaum, Houston, for petitioner.

W. Briscoe Swan and Leon J. Hursch, Houston, for respondents.

PER CURIAM.

This is an appeal from an order granting a temporary injunction enjoining InterFirst Bank San Felipe from foreclosing a deed of trust lien securing payment of a promissory note. On appeal, InterFirst complained that the trial court's injunction order is void because it does not include an order setting the cause for trial on the merits. Finding no abuse of discretion in the trial court's decision to grant the temporary injunction, the court of appeals affirmed the trial court's judgment. The court of appeals concluded the trial court's failure to include an order setting the matter for trial on the merits did not mandate a dissolution of the injunction.

Rule 683 provides in pertinent part as follows:

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought.

 The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved. *E.g., Northcutt v. Warren*, 326 S.W.2d 10, 10 (Tex.Civ. App.—Texarkana 1959, writ ref'd n.r.e.); *University Interscholastic League v. Torres*, 616 S.W.2d 355, 357–58 (Tex.Civ. App—San Antonio 1981, no writ); *Smith v. Hamby*, 609 S.W.2d 866, 868 (Tex.Civ.App. —Fort Worth 1980, no writ). Because the court of appeals' decision conflicts with the requirements of Rule 683, we grant the application for writ of error. Pursuant to Rule 133(b), Tex.R.App.P., without hearing oral argument, we reverse the judgment of the court of appeals, declare the temporary injunction void and order that it be dissolved.