NUMBER
13-01-00692-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

                                                                                                                     


 

PAULA A. WYATT, ROBERT L. WYATT,

THE WYATT LAW FIRM, LTD., WYATT &

WYATT, P.C., AND WYATT FARMS, LTD.,                            Appellants,

 

                                                   v.

 

JACK B. COWLEY AND
JACK B. COWLEY, P.C.,                   Appellees.

                                                                                                                     


 

     On
appeal from the 117th District Court of Nueces County, Texas.

                                                                                                                     


 

                                   O
P I N I O N

 

                     Before
Justices Hinojosa, Yañez, and Castillo

                                 Opinion by
Justice Hinojosa

 

This is an interlocutory
appeal from an order granting a temporary injunction.  On October 3, 2001, the trial court signed a
temporary injunction order, enjoining appellants, Paula A. Wyatt, Robert L.
Wyatt, The Wyatt Law Firm, Ltd., Wyatt & Wyatt, P.C. and Wyatt Farms, Ltd.,  from:








transferring, pledging, assigning, encumbering,
spending, or otherwise using or depleting one-third (1/3) of any money
recovered as attorneys= fees in any claim or
cause of action where Wyatt, Wyatt & Cowley was named as a party, less
one-third of the expenses on a case by case basis . . . , to a contingent fee
and/or an attorney-client contract. . . .

 

In four issues, appellants contend the trial court abused its discretion
in signing the temporary injunction order because: (1) the evidence failed to
establish that appellees, Jack B. Cowley and Jack B.
Cowley, P.C., are threatened with irreparable injury absent entry of the
temporary injunction; (2) appellees clearly have an
adequate remedy at law; (3) the trial court required an inadequate bond to
secure the temporary injunction; and (4) the temporary injunction order is
fatally flawed.  We declare the temporary
injunction order to be void and order that it be dissolved.

Under Texas procedure, appeals are allowed only from final orders or
judgments.  Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992). 
Unless a statute specifically authorizes an interlocutory appeal, Texas
appellate courts have jurisdiction only over final judgments.  Cherokee Water Co. v. Ross, 698 S.W.2d
363, 365 (Tex. 1985) (orig. proceeding). 
Section 51.014 of the civil practice & remedies code specifically
allows appeal of various interlocutory orders, including an order that
"grants . . . a temporary injunction. . .[.]@  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(4) (Vernon Supp.
2002).  Therefore, we have jurisdiction
to consider this interlocutory appeal.








In their fourth issue,
appellants contend the temporary injunction order is fatally flawed because it
does not contain an order setting the cause for trial on the merits.  Appellees argue
that the injunction order is not fatally flawed because the trial court signed
a docket control order on August 27, 2001, setting the cause for trial on
February 18, 2002.  Without reference to
any case law, appellees assert that Ato require the
restatement of the February 18, 2002 trial setting in the temporary injunction
order would have been both duplicitous [sic] and unnecessary, since the case
had already been set for trial.@ 

Regardless of the
content of any docket control order, we conclude this appeal is governed by the
Texas Supreme Court=s opinion in Interfirst Bank v. Paz Constr.
Co., 715 S.W.2d 640 (Tex. 1986).  In Interfirst Bank, the trial court=s temporary injunction
order failed to include an order setting the matter for trial on the merits
contrary to Texas Rule of Civil Procedure 683, which provides:  AEvery order granting a
temporary injunction shall include an order setting the cause for trial on the
merits with respect to the ultimate relief sought.@  Interfirst
Bank, 715 S.W.2d at 640-41; see Tex.
R. Civ. P. 683.  The supreme court stated:

The requirements of Rule
683 are mandatory and must be strictly followed.  When a temporary injunction order does not
adhere to the requirements of Rule 683 the injunction order is subject to being
declared void and dissolved.

 

Interfirst Bank, 715 S.W.2d at 641
(citations omitted); see also Qwest Communications Corp. v. AT&T
Corp., 24 S.W.3d 334, 337 (Tex. 2000); Corpus Christi Caller-Times v. Mancias, 794 S.W.2d 852, 854 (Tex. App.BCorpus Christi 1990,
orig. proceeding).








The record clearly shows
that the trial court=s temporary injunction
order of October 3, 2001, does not contain an order setting the cause for trial
on the merits.  Because the order does
not conform to the mandatory requirements of rule 683, we hold the trial court
abused its discretion by rendering and signing the order.  Univ. Interscholastic League v. Torres,
616 S.W.2d 355, 357-58 (Tex. Civ. App.BSan Antonio 1981, no
writ); see also Moreno v. Baker Tools, Inc., 808 S.W.2d 208, 210 (Tex.
App.BHouston [1st Dist.]
1991, no writ) (stating injunction order must include specific date for trial
on merits); Hopper v. Safeguard Bus. Sys., Inc., 787 S.W.2d 624, 626
(Tex. App.BSan Antonio 1990, no
writ) (failure of temporary injunction order to meet strict requirements of
rule 683 on its face renders order fatally defective and void).

We sustain appellants= fourth issue.  In light of our disposition, it is not
necessary to address appellants= remaining issues.  Tex.
R. App. P. 47.1.

We declare the trial
court=s temporary injunction
order to be void and order that it be dissolved.

 

 

FEDERICO G.
HINOJOSA

Justice

 

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

2nd
day of May, 2002.