Vacated and Remanded and Memorandum Opinion filed February 27, 2003









Vacated and
Remanded and Memorandum Opinion filed February 27, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00122-CV

____________

 

TED DAHL, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On
Appeal from the 334th District Court

Harris County, Texas

Trial
Court Cause No. 02-31750

 



 

M
E M O R A N D U M   O P I N I O N

This
is an accelerated appeal from an order granting a temporary injunction.  Appellant raises three issues.  Because we find the order is fatally
defective, we declare the temporary injunction void and order it dissolved.[1]








The
City filed suit to enforce a City ordinance by requesting that the trial court
permanently enjoin appellant from violating applicable deed restrictions.  The City alleged that appellant resided in a
subdivision with deed restrictions allowing only single family residences and
that appellant was in violation of these deed restrictions by operating a
commercial business on the property.  The
City sought a temporary injunction and a permanent injunction, plus payment of
a civil penalty.

The
trial court held a hearing on January 24, 2002, and both sides presented
evidence.  On the same date, the trial
court signed an order granting a temporary injunction.  The injunction precludes appellant from
operating a construction business or any commercial enterprise on the property
and from storing equipment used in the operation of the business.  Finally, the injunction requires removal of
all equipment by February 17, 2003.  

Appellant
filed this accelerated appeal, and on January 27, 2003, appellant filed a
motion seeking a stay of the order under Rule 29.3.  We granted this motion and stayed the January
24, 2003, order.[2]


The
purpose of a temporary injunction is to preserve the status quo of the subject
matter of the case pending a trial on the merits.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  To obtain a temporary injunction, the
applicant must plead and prove three elements: 
A(1)
a cause of action against the defendant; (2) a probable right to the relief
sought; and (3) a probable, imminent, and irreparable injury in the interim.@  Id. 
Whether to grant or deny a temporary injunction is within the trial
court=s
sound discretion.  Id.  The reviewing court should reverse only if
the trial court abused its discretion.  Id.  We may not substitute our judgment for
the trial court=s judgment unless the trial court=s action was so arbitrary that it exceeded the bounds of
reasonable discretion.  Id.








In
his first issue, appellant claims the order is fatally defective under Rule
683.  We agree.  Rule 683 of the Texas Rules of Civil
Procedure provides that every order granting a temporary injunction Ashall
include an order setting the cause for trial on the merits with respect to the
ultimate relief sought.@  Tex. R. Civ. P. 683.  The requirements of Rule 683 are mandatory
and must be strictly followed.  Interfirst Bank San Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex. 1986).  Failure to include a trial setting is a ground
for voiding the injunction.  Id.  The temporary injunction in this case does
not set the cause for trial on the merits. 
Accordingly, the order is fatally defective and void.

Additionally,
the order is fatally defective because it fails to include the reasons for its
issuance.  Rule 683 requires an order
granting an injunction to include a Athe reasons for [the injunction=s] issuance@ and to be specific in terms. 
Tex. R. Civ.
P. 683.  The trial court did not
state with specificity in its order the reasons for the issuance of the
injunction.  There is no mention that the
City established a probable right to recovery or a probable interim
injury.  The order only includes a list
of enjoined actions and a command to remove items by a stated date.  Thus, the trial court failed to comply with
the mandatory requirement of  providing
reasons for issuance of the temporary injunction.  See Monsanto Co. v. Davis, 25 S.W.3d
773, 789 (Tex. App.BWaco 2000, pet. dism=d
w.o.j.). 
Therefore, the order is void and the temporary injunction must be set
aside.

Having
found the temporary injunction fatally defective and void, we need not address
appellant=s other issues.  We
declare the temporary injunction signed January 24, 2003, void and order it
dissolved.

 

 

PER CURIAM

 

 

Judgment rendered and Memorandum Opinion
filed February 27, 2003.

Panel consists of Justices Anderson,
Seymore, and Guzman.











[1]  This opinion
is issuing before the deadline for filing appellee=s brief occurs; however, because the injunction is
defective on its face, there is no need to delay issuance of this opinion.  Indeed, we could have held the injunction
void even if appellant had not raised this issue in his brief.  Greathouse
Ins. Agency, Inc. v. Tropical Invs., Inc., 718
S.W.2d 821, 822 (Tex. App.BHouston [14th Dist.] 1986, no writ).





[2]  On
February 7, 2003, appellee filed a motion to
reconsider our order granting the stay.  Because we find the temporary injunction void
and we order it dissolved, there is no longer any need to stay the order.  Thus, our February 3, 2003, order staying the
injunction is withdrawn and we no longer need to address the contentions in appellee=s motion to reconsider the stay order.