Opinion issued January 9, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00915-CV






CITY OF NAVASOTA, Appellants


V.


NATIONSTAR MORTGAGE, LLC, f/k/a CENTEX HOME EQUITY
COMPANY, Appellee






On Appeal from the 506th District Court

Grimes County, Texas

Trial Court Cause No. 31257






MEMORANDUM OPINION


 In this interlocutory appeal, appellant, the City of Navasota, appeals from the
trial court's issuance of a temporary injunction in favor of appellee, Nationstar
Mortgage, LLC. In its sole issue in this appeal, the City contends that the trial court
erred by issuing a temporary injunction that was not supported by evidence, failed to
set a date for a trial on the merits, and failed to fix an amount for security. We
conclude the trial court erred by issuing a temporary injunction without setting a date
for trial on the merits. We reverse the trial court's order and remand the cause.Background Nationstar holds a deed of trust on real property located within the City. The
City ordered the owner of the property to repair, remove, or demolish the structure on
the property. The owner did not comply, and the City decided to demolish the
structure. Nationstar filed this action for a declaratory judgment and temporary
injunction, seeking to delay the intended demolition and require the City to give
Nationstar a "specific and itemized list of the required repairs as well as adequate
time" to make the repairs.

 The trial court issued a temporary restraining order and later the temporary
injunction made the subject of this appeal. The temporary injunction ordered the City
"to desist and refrain from directly or indirectly demolishing or attempting to
demolish" the structure.


Validity of Temporary Injunction Within its sole issue, the City contends that the trial court erred by failing to
set a date for the trial on the merits, rendering the temporary injunction void.

 In pertinent part, rule 683 of the Texas Rules of Civil Procedure provides,
"Every order granting a temporary injunction shall include an order setting the cause
for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. 
"The requirements of Rule 683 are mandatory and must be strictly followed." 
Interfirst Bank San Felipe v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex. 1986); see
also Qwest Commc'ns Corp. v. AT & T Corp., 24 S.W.3d 334, 337 (Tex. 2000) (citing
Interfirst, 715 S.W.2d at 641). A temporary injunction is void and should be
dissolved when it does not include an order setting the matter for trial. Interfirst
Bank, 715 S.W.2d at 640-41; see also Tex. Tech Univ. v. Finley, 223 S.W.3d 510,
515 (Tex. App.--Amarillo 2006, no pet.) (declaring temporary injunction void and
dissolving it for failure to include setting for trial on merits); City of Sherman v.
Eiras, 157 S.W.3d 931, 931 (Tex. App.--Dallas 2005, no pet.) (same); Kaufmann v.
Morales, 93 S.W.3d 650, 656-57 (Tex. App.--Houston [14th Dist.] 2002, no pet.)
(same).

 Here, the temporary injunction does not include a date setting the cause for a
trial on the merits. The temporary injunction is, therefore, void. See Qwest
Commc'ns, 24 S.W.3d at 337; Interfirst, 715 S.W.2d at 640-41. Nationstar's sole
response is that the City's challenge is not preserved for appeal because the City did
not object to the trial court complaining of the lack of a date for a trial setting. 
However, because the trial court's failure to include in the injunction a date setting
the case for a trial on the merits, the injunction was void, and "defects that render an
injunction order void cannot be waived." AutoNation, Inc. v. Hatfield, 186 S.W.3d
576, 581 (Tex. App.--Houston [14th Dist.] 2005, no pet.). 

 Having determined the temporary injunction is void, we need not address the
City's other challenges to the temporary injunction.

 We sustain the City's sole issue.

Conclusion

 We reverse the temporary court's order granting a temporary injunction and
remand this cause.




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.