Reversed and Rendered and Memorandum Opinion filed March 10,
2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00722-CV



 

April McCurry, Appellant

V.

Mark AND VIRGINIA Smith, Appellees

 



On Appeal from the 155th
District Court

Austin County, Texas

Trial Court Cause No. 2010V-0040



 

MEMORANDUM  OPINION

 

Appellant April McCurry appeals the grant of a
temporary injunction enjoining her from prohibiting Mark and Virginia Smith
from traveling across her property to access their property during times of wet
weather.  The order permits the Smiths the right to travel across McCurry’s
property east of a fence constructed by McCurry, and is limited to “those times
during which, because of wet weather,” the Smiths are prevented from having
reasonable access to their property.

The order granting the temporary injunction does not set
the cause for trial on the merits with respect to the ultimate relief sought as
required by Texas Rule of Civil Procedure 683.  In the order the trial court
recites, “It is further ordered that a final trial on the merits in this case
shall be set.”  The order, however, fails to set a trial date.  Appellant has
raised this issue in her brief; appellees have not responded.

The Texas Rules of Civil Procedure require that an
order granting a temporary injunction set the cause for trial on the merits and
fix the amount of security to be given by the applicant.  See Tex. R.
Civ. P. 683, 684.  These procedural requirements are mandatory, and an order
granting a temporary injunction that does not meet them is subject to being
declared void and dissolved.   Qwest Commc’ns Corp. v. AT & T Corp.,
24 S.W.3d 334, 337 (Tex. 2000) (citing InterFirst Bank San Felipe, N.A. v.
Paz Constr. Co., 715 S.W.2d 640, 641 (Tex. 1986).  The order in this case
does not set a trial date or a security bond.

We reverse the judgment of the trial court, declare
the temporary injunction void, and order it dissolved.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.