

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00001-CV

**PERCY L. WAYNE ISGITT, INDIVIDUALLY,
AND ISGITT & ASSOCIATES, PC,**

**Appellants**

**v.**

**CHRISTINE GODWIN, AS PERMANENT
GUARDIAN OF CRAIG GODWIN,**

**Appellees**

**From the County Court at Law
Walker County, Texas
Trial Court No. 8422-G**

## MEMORANDUM OPINION

The trial court entered an order enjoining appellants, Percy L. Wayne Isgitt, individually, and Isgitt & Associates, P.C., from, among other things, removing, transferring, or taking money from an escrow account created for Craig Godwin. The injunction was premised on the allegation that Isgitt has failed to return the funds contained in the escrow account—approximately $200,000—despite numerous requests

made by appellee, Christine Godwin, as permanent guardian of Craig.[1]  Appellants have now filed an accelerated, interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2015).  For the reasons set forth below, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

## I.  ANALYSIS

Appellants contend *inter alia* that the order at issue is void because it does not comply with Texas Rule of Civil Procedure 683.  *See* TEX. R. CIV. P. 683.  The requirements of rule 683 are mandatory, and "an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved."  *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).  Rule 683 does not expressly require that a trial date be set.  *See* TEX. R. CIV. P. 683.  However, it provides that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought."  *Id.*

This Court and several of our sister courts have held that an order granting a temporary injunction that does not set the case for trial on the merits, such as the order in this case, is void.  *See Leighton v. Rebeles*, 343 S.W.3d 270, 273 (Tex. App.—Dallas 2011,

---

[1] In her original petition and applications for a temporary restraining order and a temporary injunction, Christine, Craig's permanent guardian, noted that Craig was left incapacitated as a result of a vehicular accident on or about October 27, 2012.  As a result of the accident, Craig purportedly received a $302,500 settlement from the Texas Farm Bureau under Craig's uninsured/underinsured motorist policy.  According to Christine, Isgitt requested that she give him the proceeds of the settlement to be held in trust for Craig.  Christine alleged that Isgitt requested more money from her to negotiate a settlement regarding Craig's medical bills.  Christine further alleged that despite receiving money to pay medical bills, Isgitt did not pay any of Craig's medical bills.  In addition, Christine noted that Isgitt has refused to return to her any of the funds contained in the escrow account established for Craig.

no pet.) ("Failure of the order to meet the requirements of rule 683 renders the order fatally defective and void . . . ."); *Gray Wireline Serv., Inc. v. Cavanna*, 374 S.W.3d 464, 472 (Tex. App.—Waco 2011, no pet.); *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.—Texarkana 2004, no pet.) (concluding that although error concerning the mandatory requirements of rule 683 was not raised on appeal, the temporary injunction was void because it did not include an order setting the cause for trial on the merits); *Henke v. Peoples State Bank*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.) (holding a temporary-injunction order defective for failing to set forth a trial date); *Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 210 (Tex. App.—Houston [1st Dist.] no writ) (stating that an injunction order must include a specific date for trial on the merits); *Corpus Christi Caller-Times v. Mancias*, 794 S.W.2d 852, 854 (Tex. App.— Corpus Christi 1990, no pet.) (holding an injunction order void for failing to include the required trial date); *Higginbotham v. Clues*, 730 S.W.2d 129, 129 (Tex. App.—Houston [14th Dist.] 1987, no writ) (holding that an injunction order violated rule 683 because it failed to include a date for trial on the merits); *see also Padgett v. LSKR, Inc.*, No. 03-06-00262-CV, 2007 Tex. App. LEXIS 530, at **5-6 (Tex. App.—Austin Jan. 24, 2007, no pet.) (mem. op.) (dissolving a temporary injunction that did not set the case for trial on the merits). "A void order has no force or effect and confers no right; it is a nullity." *Gray Wireline Serv., Inc.*, 374 S.W.3d at 472 (citing *In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, orig. proceeding)).

Because the trial court's order does not set the case for trial on the merits, the order is void.[2]  *See* TEX. R. CIV. P. 683.  We sustain appellants' third issue.  *See EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 52-53 (Tex. App.—San Antonio 2002, no pet.) ("We have held that the failure to meet the requirements of rule 683 renders the injunction order fatally defective and void, whether specifically raised by point of error or not.").

## II.    CONCLUSION

Based on the foregoing, we reverse the trial court's temporary-injunction order and order that the trial court dissolve it.[3]  *See Gray Wireline Serv., Inc.*, 374 S.W.3d at 472 (citing *Paz Constr. Co.*, 715 S.W.2d at 641).  Accordingly, we remand this matter to the trial court for further proceedings.

AL SCOGGINS
Justice

---

[2] In response to appellants' contention that the trial court's temporary-injunction order is void, Christine asserts that appellants have waived this complaint.  *See Texas Tech Univ. Health Sci. Ctr. v. Rao*, 105 S.W.3d 763, 768 (Tex. App.—Amarillo 2003, pet. dism'd).  As recognized in *Rao*, there appears to be a split of authority on the question of whether a party can waive the right to complain about a temporary injunction that fails to comply with rule 683.  *See id.*  However, *Rao* concedes that the great majority of the Courts of Appeal who have considered the question have concluded that the Texas Supreme Court's instruction in *Paz* that the requirements of rule 683 are mandatory means that the right to raise the issue on appeal is not waived by failing to make an objection in the trial court.  *See id.* at 768; *see also InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).  Given the wealth of authority holding that violations of rule 683 are not waived by failing to make an objection in the trial court, we decline Christine's invitation to follow *Rao*.

[3] And given our resolution of this matter, we need not comment on or address appellant's remaining issues.  *See* TEX. R. APP. P. 47.1.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 16, 2015
[CV06]

