**Reversed and Memorandum Opinion filed July 11, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00477-CV

### JOE SELVERA AND TINA SELVERA, Appellants

### V.

### ESTELLA CHAVARRIA, AS THE GUARDIAN OF THE PERSON AND ESTATE OF FLORINDA SELVERA, AN INCAPACITATED PERSON, Appellee

**On Appeal from the Probate Court**
**Galveston County, Texas**
**Trial Court Cause No. PR-0082112**

## MEMORANDUM OPINION

Appellants, Joe Selvera and Tina Selvera, bring this interlocutory appeal of the probate court's temporary-injunction order that does not contain a trial date for the permanent injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). The order enjoined the Selveras from selling their real property, "making any changes to the home" located on the property, and destroying or removing any personal property belonging to Florinda Selvera remaining on the property. We

conclude the probate court abused its discretion and declare the order void.

The probate court signed the temporary-injunction order in a guardianship proceeding after an evidentiary hearing.[1] On appeal, the Selveras argue that the order is voidable because it: (1) does not set a trial date on the permanent injunction; (2) destroys, rather than preserves, the status quo; and (3) there is no evidence to demonstrate the guardian's probable right of recovery.

Whether to grant or deny a request for a temporary injunction is within the trial court's discretion, and we will not reverse that order absent a clear abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993). There is no abuse of discretion as long as some evidence reasonably supports the trial court's order. *Butnaru*, 84 S.W.3d at 211. The procedural requirements of Rule 683 are mandatory. *Qwest Commc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). A temporary-injunction order that does not meet these requirements is "subject to being declared void and dissolved." *Id*.; *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).

Among other things, Texas Rule of Civil Procedure 683 requires every order granting a temporary injunction to "[set] the cause for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. Here, the order does not set the cause for trial on the merits. While appellee admits the order does not address a trial setting, she argues that the probate court set the case for trial on the

---

[1] On June 9, 2023, the Selveras filed an amended petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. The Selveras asked this court to compel the probate court to vacate the temporary restraining order that it signed and dismiss the injunction proceeding, which was pending at the time. However, we denied the petition concluding the Selveras had not established they were entitled to mandamus relief. *In re Selvera*, No. 14-22-00400-CV, 2022 WL 2092817, at *1 (Tex. App.—Houston [14th Dist.] June 10, 2022, no pet.).

merits via a docket-control order. Appellee also argues that the probate court has indicated its intention to sign a modified temporary injunction. However, the clerk's record neither contains a modified temporary injunction, nor a docket-control order; regardless, the order must be complete on its face to comply with Rule 683. *See Kaufmann v. Morales*, 93 S.W.3d 650, 656–57 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("including a general date on a docket sheet does not meet the requirements or the purpose of Rule 683").

Because the probate court's order does not comply with the mandatory requirements of Rule 683, we conclude the probate court abused its discretion when it signed the order. *InterFirst Bank San Felipe,* 715 S.W.2d at 641; *Helix Energy Sols. Group, Inc. v. Howard*, 452 S.W.3d 40, 44 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Therefore, the temporary injunction order is void and dissolved for failure to comply with Rule 683. *See* Tex. R. Civ. P. 683; *see also Qwest*, 24 S.W.3d at 337.

We sustain the Selveras's sole issue and dissolve the probate court's order granting the temporary injunction.[2]


/s/     Charles A. Spain
        Justice


Panel consists of Justices Zimmerer, Spain, and Poissant.

---

[2] We need not address Selveras's remaining two arguments supporting this issue. *See* Tex. R. App. P. 47.1. Because this is an interlocutory appeal of the probate court's order granting temporary injunction, only that order is before this court—not the entire trial-court case. We do not remand the case to the trial court because the case is not before us. *Chappell Hill Sausage Co. v. Durrenberger*, No. 14-19-00897-CV, 2021 WL 2656585, at *5 n.6 (Tex. App.—Houston [14th Dist.] June 29, 2021, no pet.) (mem. op.).