# NO. 12-23-00211-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOBY HALDEMAN,* *APPELLANT* | *§* | *APPEAL FROM THE 354TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THOMAS POSEY,* *APPELLEE* | *§* | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Toby Haldeman, challenges the trial court's granting of the temporary injunction requested by Appellee, Thomas Posey.[1]  We dissolve the temporary injunction and remand the case to the trial court for further proceedings.

## BACKGROUND

In October 2021, Posey and Haldeman entered into a business relationship, and Posey left his previous employment to "focus his efforts on the new business partnership with Haldeman." On November 2, 2021, Posey purchased from Haldeman a sixteen-acre tract of land "adjoining" Posey's home in Rains County, Texas. Haldeman provided financing for the note, and principal and interest payments on the note were due annually on January 15th.  The business relationship between the parties deteriorated after Haldeman allegedly failed to pay Posey for his labor or profits from the business.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2023) (providing for interlocutory appeal of an order that grants or denies a temporary injunction).

In a separate cause before the trial court, Posey filed suit against Haldeman, and on January 4, 2023, Posey obtained a no-answer default judgment against Haldeman,[2] in which the trial court awarded Posey damages of $161,000 for breach of contract, quantum meruit, and common law fraud, as well as costs and attorney's fees in the amount of $8,570. Approximately two weeks after obtaining the default judgment, the annual payment for principal and interest on the land Posey purchased from Haldeman became due. Posey failed to make the annual payment, and Haldeman sought to foreclose.

Posey filed the underlying proceeding, seeking a declaratory judgment that the note is not in default because the amount Haldeman owes Posey pursuant to the default judgment exceeds the amount of the annual payment Posey owed Haldeman for the land. Posey also pleaded that he lacks an adequate remedy at law and sought "injunctive relief to enjoin [Haldeman] from foreclosing on [Posey]'s homestead property[.]" Posey requested, among other things, a declaration that the note is not in default, a temporary restraining order, "a preliminary injunction," and, upon final trial, "full permanent injunctive relief[.]" Attached to Posey's petition as an exhibit was an affidavit from his attorney, Brent Money, in which Money set forth the details of the default judgment obtained against Haldeman and averred that the trial court denied Haldeman's motion for new trial; the parties attended a post-judgment mediation, which was unsuccessful; Haldeman initiated foreclosure proceedings against Posey "for a portion of Posey's homestead that Haldeman sold to him on an owner-financed Note and Deed of Trust[;]" and a foreclosure sale was scheduled for June 6, 2023. Posey also attached a copy of the notice of trustee's sale, which evidenced Haldeman's intent to sell the property at a public auction.

The trial court conducted a hearing on the application for temporary injunction, during which the judge heard arguments from counsel and then stated, "This is a request for an injunction. It's not a request for a final ruling. . . . Just a request to stay things as it is until we reach that final hearing. I'm going to grant the request."[3] The trial court signed an order granting a temporary

---

[2] Disputes pertaining to the parties' business relationship are the subject of a separate proceeding, trial cause number 11319, which Posey also filed in the 354th District Court of Rains County, Texas. Haldeman appealed the default judgment in cause number 11319 to this Court in appeal number 12-23-00069-CV and posted a deposit with the trial court in lieu of a supersedeas bond. Concurrently with the issuance of this opinion in the instant case, this Court issued an opinion and judgment in appeal number 12-23-00069-CV (trial cause number 11319) reversing the default judgment against Haldeman and remanding the cause for a new trial.

[3] After the hearing adjourned, Haldeman's counsel called Haldeman to testify to make a bill of review, outside the presence of opposing counsel and the trial judge.

injunction on August 11, 2023. The trial court enjoined Haldeman from foreclosing "on any property owned by Thomas Posey until the conclusion of this case or . . . further order of this Court." This appeal followed.

On November 17, 2023, after Haldeman filed his notice of appeal and his appellate brief, the trial court signed a modified order granting temporary injunction,[4] in which it found that Posey "would probably prevail on the trial of this cause;" noted that Haldeman intended to foreclose "on the homestead property of Posey as soon as possible and before the Court can render judgment in this cause;" if Haldeman foreclosed, he would "alter the status quo and tend to make ineffectual a judgment in favor of Plaintiff, in that Plaintiff's homestead property will be foreclosed and possibly sold to a person who is not a party to this cause; and "unless Defendant is deterred" from foreclosing, Posey "will be without any adequate remedy at law in that his homestead property will not be able to be legally recovered." The modified order commanded Haldeman to refrain from foreclosing or taking "other actions to collect on the real estate debt owed by Thomas Posey" until the trial court rendered judgment and ordered the parties to "contact the court coordinator" and "schedule a trial at least 45 days out from today."

**TEMPORARY INJUNCTION**

In his sole issue, Haldeman argues that the trial court abused its discretion by granting the temporary injunction.

## Standard of Review and Applicable Law

"A temporary injunction is an extraordinary remedy and does not issue as a matter of right." ***Butnaru v. Ford Motor Co.***, 84 S.W.3d 198, 204 (Tex. 2002). Because the decision regarding whether to grant or deny a temporary injunction lies within the trial court's sound discretion, a reviewing court should reverse an order granting injunctive relief only if the trial court abused its discretion. *Id*. We must not substitute our judgment for that of the trial court unless "the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id*. We apply a de novo standard of review "when the issue turns on a pure question of law." ***Tenet Health Ltd.***

---

[4] "While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders[.]" TEX. R. APP. P. 29.5. A trial court's "further orders" may include replacing a defective temporary injunction order with an amended order to correct the previous order's deficiencies. ***Chin Tuo Chen v. Braxton***, No. 06-09-00088-CV, 2010 WL 99064, at *1 (Tex. App.—Texarkana Jan. 13, 2010, no pet.) (mem. op.). We treat this appeal as being from the trial court's modified order. See *id.* (citing TEX. R. APP. P. 27.3))

***v. Zamora***, 13 S.W.3d 464, 468 (Tex. App.—Corpus Christi 2000, pet. dism'd w.o.j.). A trial court does not abuse its discretion when it bases its decision on conflicting evidence, or when some substantive and probative evidence exists to support its decision. ***Health Care Serv. Corp. v. E. Tex. Med. Ctr.***, 495 S.W.3d 333, 338 (Tex. App.—Tyler 2016, no pet.) (op. on reh'g). If the trial court's conclusion that the applicant has demonstrated a probable right to recovery is not reasonably supported by the evidence, the trial court abuses its discretion by granting a temporary injunction. ***Id***.

Although the trial court has discretion to grant temporary injunctive relief, its order doing so must strictly comply with the requirements of Rule 683 of the Texas Rules of Civil Procedure. ***Pebble Hills Plaza, Ltd. v. ASLM, LTD.***, 661 S.W.3d 555, 557 (Tex. App.—El Paso 2023, no pet.). The trial court's order granting temporary injunctive relief must set forth in specific terms the reasons for its issuance and "shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory and must be strictly followed. ***Qwest Commc'ns Corp. v. AT&T Corp.***, 24 S.W.3d 334, 337 (Tex. 2000); ***Pebble Hills,*** 661 S.W.3d at 557. Therefore, temporary injunctions that fail to comply with the requirements of Rule 683 are "'subject to being declared void and dissolved.'" ***Pebble Hills***, 661 S.W.3d at 557 (quoting ***Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.***, 715 S.W.2d 640, 641 (Tex. 1986)). "'This rule operates to invalidate an injunction even when the complaining party fails to bring the error to the trial court's attention." ***Id***. (quoting ***Fasken v. Darby***, 901 S.W.2d 591, 593 (Tex. App.—El Paso 1995, no writ)).

An applicant for temporary injunction must plead and prove three elements: "(1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim." ***Butnaru***, 84 S.W.3d at 204; *see* ***Harbor Perfusion, Inc. v. Floyd***, 45 S.W.3d 713, 716 (Tex. App.—Corpus Christi 2001, no pet.). An applicant need not establish that he will prevail at trial. ***Univ. Health Servs., Inc. v. Thompson***, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). Rather, an applicant must demonstrate that he has a probable right to the relief sought "by alleging a cause of action and presenting evidence tending to sustain it." ***Savering v. City of Mansfield***, 505 S.W.3d 33, 39 (Tex. App.—Fort Worth 2016, pet. denied). To obtain a temporary injunction to enjoin a foreclosure, the applicant "must establish a probable right to recovery based on a lienholder's wrongful attempt to foreclose." ***Alpha Adventure Ranch at Nocona, LLC v. Warrior Golf Mgmt., LLC***, No. 02-19-

00030-CV, 2019 WL 6768123, at *2 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.). At a temporary injunction hearing, the only issue before the trial court is whether the status quo should be preserved pending trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993).

**Analysis**

In his sole issue, Haldeman contends that the trial court abused its discretion by granting the temporary injunction. Within issue one, Haldeman raises what are essentially six sub-issues, in which he argues that (1) the order does not comply with the requirements of Rule 683, (2) Posey failed to plead a valid cause of action, (3) Posey failed to introduce competent evidence demonstrating a probable right of recovery at a final hearing, (4) Posey failed to plead that he will suffer a probable injury, (5) the order failed to set the case for a trial on the merits, and (6) the order failed to set a bond or fix the amount.

We first consider whether the order complies with Rule 683. As mentioned above, the trial court's modified order instructs the parties to contact the court coordinator to set the case for trial at least forty-five days after the date of the temporary injunction order. Rule 683 requires that an order granting a temporary injunction must set the cause for a trial on the merits. TEX. R. CIV. P. 683. We conclude that the trial court's order purporting to require the parties to schedule a trial for an undetermined, unspecified future date by contacting the court coordinator does not comply with Rule 683 because it does not set the cause for a trial on the merits. *See id.*; *Pebble Hills*, 661 S.W.3d at 557. The temporary injunction order is therefore subject to being declared void and dissolved. *See* TEX. R. CIV. P. 683; *Qwest Commc'ns*, 24 S.W.3d at 337; *Pebble Hills*, 661 S.W.3d at 557.

In the interest of judicial economy, we next consider whether Posey pleaded a valid cause of action and a probable right to the relief sought. The only relief Posey sought from the trial court besides injunctive relief was a declaration that the note is not in default. Specifically, Posey contended that he is not in default on the note because Haldeman owed Posey money pursuant to the default judgment Posey obtained in a separate proceeding regarding the parties' business venture. In his petition, Posey admitted that the note required him to make annual payments to Haldeman on the land and he failed to make the required annual payment in January 2023. Posey instead maintained that he did not owe the annual payment due to Haldeman because, pursuant to the default judgment Posey obtained in the proceeding pertaining to their business, Haldeman

5

owed him an amount in excess of the annual payment. Posey neither pleaded nor proved that the note contained any provision limiting his obligation to pay, making his obligation to pay contingent upon the success or failure of his business venture with Haldeman, or making his obligation to pay contingent upon whether Haldeman properly paid him for his share of the profits and his labor for their business venture. Posey did not plead or prove that Haldeman's attempt to foreclose was wrongful. *See **Alpha Adventure Ranch***, 2019 WL 6768123, at *2. For all these reasons, we conclude that Posey failed to assert a cause of action and a probable right to recover against Haldeman upon final trial, and the trial court therefore abused its discretion by granting Posey's application for temporary injunction. *See **Butnaru***, 84 S.W.3d at 204; ***Alpha Adventure Ranch***, 2019 WL 6768123, at *2; ***Savering***, 505 S.W.3d at 39; ***Harbor Perfusion***, 45 S.W.3d at 716. We sustain issue one.

## DISPOSITION

Having concluded that the temporary injunction does not comply with Rule 683 of the Texas Rules of Civil Procedure and that Posey failed to assert a cause of action and a probable right to recover against Haldeman, we need not address Haldeman's remaining sub-issues. *See* TEX. R. APP. P. 47.1. We immediately ***dissolve*** the modified temporary injunction of November 17, 2023, and ***remand*** the case to the trial court for further proceedings.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2024**

**NO. 12-23-00211-CV**

**TOBY HALDEMAN,**
Appellant
V.
**THOMAS POSEY,**
Appellee

---

Appeal from the 354th District Court

of Rains County, Texas (Tr.Ct.No. 11446)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the modified temporary injunction of November 17, 2023, be immediately **dissolved**, and the case is **remanded** to the trial court for further proceedings; and that all costs of this appeal are hereby adjudged against the Appellee, **THOMAS POSEY**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*