Opinion issued July 16, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00647-CV

_____

**JAY MANAGEMENT COMPANY, LLC, Appellant**

**V.**

**PEDRO APARICIO BARAJAS, MARIA FIGUEROA, ISRAEL BRIONES MENDEZ, DANIEL MARTINEZ, ROSELIA BARAJAS, FIDELIA RAMIREZ, OSCAR RAMIREZ, MA ISABEL HERNANDEZ, MARIA NARES, ALEXANDER GUERRA, LAURA GARCIA, JOSE LUIS SOTELO, AND AMARIS ARGUETA, Appellees**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-28694**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's entry of a temporary injunction. The temporary injunction is void because it did not set a date for trial on the merits.

Accordingly, we dissolve the injunction, and we remand the case to the trial court for further proceedings.

## Background

In the underlying case, a group of homeowners ("surface owners") sued appellant Jay Management Company, LLC ("Jay Management"), who is the mineral lease holder for their properties. The surface owners alleged that Jay Management had contaminated the surface and subsurface water with oil due to their industrial activities. The surface owners sought damages and an injunction against certain activities. Appellees filed a petition in intervention alleging that Jay Management had blocked their access to a private road to which they had an easement. The road and intervenors' homes are in Liberty County, and the trial court severed the intervenors' claims and transferred them to Liberty County. Jay Management contends that this interlocutory appeal is not moot because the challenged temporary injunction remains in effect.

The temporary injunction states:

. . . .

2.    The Clerk is ORDERED to issue notice to Jay Management Company LLC, Defendant, that a trial on the merits is set for _____, at _____ on [intervenors'] application for permanent injunction.

3.    Jay Management Company LLC, Defendant, is ORDERED to appear at that time for a full trial on the merits to show cause, if

2

> any cause exists, why this temporary injunction order should not be made a permanent injunction.

. . . .

## Analysis

Whether to grant a temporary injunction that preserves the status quo for trial is within the discretion of the trial court. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The form of the injunction itself, however, must strictly comply with Rule 683 of the Texas Rules of Civil Procedure. *See Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (stating that requirements of Rule 683 are mandatory and must be strictly followed). Rule 683 states: "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. This requirement is mandatory, and an order granting a temporary injunction that fails to set the cause for trial on the merits "is subject to being declared void and dissolved." *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *Hegar v. Zertuche Constr., LLC*, No. 03-19-00238-CV, 2021 WL 219302, at *2 (Tex. App.—Austin Jan. 22, 2021, no pet.) (mem. op.) (dissolving temporary injunction order that did not set cause for trial on merits because it was void); *State Bd. for Educator Certification v. Montalvo*, No. 03-12-00723-CV, 2013 WL

1405883, at *2 (Tex. App.—Austin Apr. 3, 2013, no pet.) (mem. op.) (holding that temporary injunction order that does not include trial setting is void).

The order granting a temporary injunction in this case did not set the cause for trial on the merits, instead leaving blank the details in that section of the order. Because the order does not set the cause for trial on the merits, it does not comply with Rule 683, and we hold that the order is void. Because this holding is dispositive, we do not need to reach any other issues on appeal. *See* TEX. R. APP. P. 47.1.

## Conclusion

We declare the temporary injunction void. We dissolve the temporary injunction, and we remand the case to the trial court for further proceedings.


Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.