**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00302-CV**
_____

**CHAD R. DUBOIS, KENNETH D. SIMMONS III, MONICA BENTZEN, AND LANCE T. MENDOZA, Appellants**

**V.**

**ANESTHESIA ASSOCIATES, Appellee**

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. 25DCCV1411

**MEMORANDUM OPINION**

Appellants, Chad R. Dubois, Kenneth D. Simmons III, Monica Bentzen, and Lance T. Mendoza, appeal the trial court's temporary injunction in a suit for breach of a covenant not to compete contained in employment contracts signed by Appellants while they were employed by Appellee, Anesthesia Associates. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). For the reasons explained below, we

1

conclude the order is void, and we reverse the trial court's order and remand the case to the trial court.

Appellants are Certified Registered Nurse Anesthetists (CRNAs), formerly employed by Appellee but now employed by a different anesthesia group. On the day the trial court signed the order that is the subject of this appeal, Appellants were working for a different employer at the same hospital where they had worked during their employment with Appellee. The trial court held a hearing on the request for a Temporary Injunction and thereafter on August 20, 2025, the trial court signed a Temporary Injunction restraining Appellants from practicing nursing as CRNAs or providing CRNA services, at Christus St. Elizabeth Hospital, Beaumont, Texas, or at any physician office, hospital, ambulatory surgical center, or other health care facility that is located within a twenty (20) mile radius of that location pursuant to the terms of the non-competition agreement the CRNAs executed when they were working for Appellees. The trial court set the effective date of its Temporary Injunction as September 4, 2025. The trial court set a bond amount to be posted by the Appellee in the Temporary Injunction, but the trial court denied Appellants' request to set an amount for the Appellants to supersede the Temporary Injunction during the accelerated appeal. Appellants filed a Notice of Appeal and an Emergency Motion to Stay Temporary Injunction Pending Appeal. We suspended the twenty-

2

one-day notice rule and submitted the appeal on the record without briefs. *See* Tex. R. App. P. 2, 28.1(e), 39.8.

"The requirements of Rule 683 are mandatory and must be strictly followed." *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). A temporary injunction order that violates Rule 683 "is subject to being declared void and dissolved." *Id.*

"Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. The trial court's order states, "ORDERED ADJUDGED, and DECREED that a hearing on the application for permanent injunction be, and it is hereby set for the 8th day of June, 2026, (#1) at 9:00 o'clock, am." In this case, the Appellee, as plaintiff, filed an Original Petition asserting a breach of contract claim, sought a TRO, a temporary injunction, and damages. A request for a permanent injunction is not the ultimate relief sought in the Original Petition. Instead, the ultimate relief sought is the "recovery of [a] judgment against each Defendant for liquidated damages in the amount of $30,000.00 pursuant to Section 11.9(b)(ii) of the Employment Agreement or, solely in the alternative, for its actual damages proximately caused by that Defendant's conduct."

The trial court issued a temporary injunction without setting the entire case for trial on the merits. We conclude the order is void. *InterFirst Bank*, 715 S.W.2d

3

at 641. Accordingly, we reverse the trial court's order and remand the case to the trial court. *See* Tex. R. App. P. 43.3(a).

REVERSED AND REMANDED.

PER CURIAM

Submitted on September 3, 2025
Opinion Delivered September 4, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

4