

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00384-CV

---

Michael Ray Mangum, Appellant

v.

Jane Doe, Appellee

---

On Appeal from the 83rd Judicial District Court
Val Verde County, Texas
Trial Court No. 2024-0084-CIV

---

## MEMORANDUM OPINION[1]

This interlocutory appeal arises from a lawsuit initiated by Appellee Jane Doe against

Appellant Michael Ray Mangum based on allegations that he distributed intimate photographs and

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

videos of her. Mangum challenges the trial court's order granting Doe's application for injunctive relief on grounds it does not comply with the Texas Rules of Civil Procedure and is void. We vacate and dissolve the trial court's order and remand the cause to the trial court for further proceedings.

## I. BACKGROUND

In her petition, Doe claimed she and Mangum were in a romantic relationship for about a year. When the relationship ended, Doe alleged Mangum threatened to, and did, distribute "certain visual intimate material, depicting [her] in a sexual way." According to Doe, Mangum distributed the material to her family members, which also resulted in certain relatives suing her for child abuse. Doe also alleged Mangum distributed the material on the internet and continued to torment and harass her, causing her emotional distress.

Doe brought multiple claims against Mangum, including negligence per se for violating several statutes[2], "Unlawful Disclosure or Promotion of Intimate Visual Material Chapter 98B the Texas Civil Practices & Remedies Code," "Intentional Infliction of Emotional Distress," "Invasion of Privacy by Publication of Private Facts," and gross negligence. Mangum responded with a general denial. Shortly after, Doe filed an ex parte application for a temporary restraining order and temporary injunction. Following a hearing, the trial court signed an agreed order granting Doe's application for a "restraining order." The order required Mangum to preserve his cell phones, computers, social media accounts, assets, and property.

This interlocutory appeal followed.

---

[2] Texas Civil Practices & Remedies Code, Ch. 143: Harmful Access by Computer; Texas Penal Code Ann. § 33.02: Breach of Computer Security; Texas Penal Code Ann. § 33.02: Online Impersonation; Texas Civil Practices & Remedies Code, Ch. 98B: Unlawful Disclosure or Promotion of Intimate Visual Material; Texas Penal Code § 42.07: Harassment; and Texas Penal Code Ann. § 21.19: Unlawful Electronic Transmission of Sexually Explicit Visual Material.

## II. DISCUSSION

In a single issue, Mangum argues the trial court abused its discretion in granting the order because it (1) fails to identify why Doe will suffer irreparable harm absent its issuance; (2) fails to include an order setting the case for trial; and (3) fails to fix the amount of security or bond.

### A. The order is appealable.

As a threshold matter, we must first determine whether the challenged order is appealable. The order here is titled, "Agreed Order Granting Plaintiff's Application for Temporary Restraining Order as to Defendant." A trial court's ruling on a temporary restraining order is generally not appealable. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002). While an interlocutory appeal challenging the grant or denial of a temporary injunction is expressly permitted, no statutory provision permits an appeal from a temporary restraining order. *See Lesikar v. Rappeport*, 899 S.W.2d 654, 655 (Tex. 1995) (per curiam); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of order granting or denying temporary injunction, but not including the grant or denial of a temporary restraining order). However, "[t]he fact that the order is denominated as a temporary restraining order does not control whether the order is appealable. Whether an order is a non-appealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title." *In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 205. The Texas Supreme Court has explained the roles the different orders serve:

> A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing.

*Id*.

The trial court's order here has the characteristics and function of a temporary injunction. It requires Mangum to preserve his cell phones, computers, and his "social media accounts or

3

communications applications . . . on [his] cell phones or other devices," and "enjoined and restrained [Mangum] from destroying, deleting, altering, or in any way tampering with any" content on his devices. The order further states that these restrictions "shall remain in effect until further order of this Court[.]" And because "there is the potential for [Doe] to recover from [Mangum] after a trial on the merits[,]" Mangum was required to "file notice of lis pendens in order to provide constructive notice to the general public of pending litigation in any country where [he] may own real property to ensure compliance with this Order." The order also "enjoined" him from "destroying, removing, concealing, encumbering . . . [or] transferring any assets that would prevent [Doe] from recovering a monetary judgment."

The order granted all requested temporary injunction relief to operate during the pendency of the suit. It did not provide for its own dissolution. It also failed to set a hearing for temporary injunction and therefore subjects Mangum to these restrictions during pendency of the litigation or until further order of the court. The trial court's order enjoined Mangum from reducing the value of his assets in any way due to the "potential" of Doe recovering from him "after a trial on the merits." The signed order gave the restrictions immediate effect and allowed them to remain during pendency of the suit.

In character and function, the trial court's order grants a temporary injunction and is appealable under § 51.014(a)(4) of the Texas Civil Practice and Remedies Code. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) ("Because the trial court's order places restrictions on Qwest and is made effective immediately so that it operates during the pendency of the suit, it functions as a temporary injunction.").[3] We now turn to whether the order is void.

---

[3] Doe does not dispute that the order is a temporary injunction order.

**B. The order does not comply with the Texas Rules of Civil Procedure and is void.**

Mangum contends the order is void and should be dissolved because it "fails to meet certain well established and mandatory requirements for a temporary injunction" under the Texas Rules of Civil Procedure. Specifically, Mangum argues the order is void because it lacks findings on irreparable harm, does not set a trial date on the merits, and does not fix the applicant's bond amount. Doe disagrees that the order fails to specify the irreparable harm she would suffer, contends that "[i]t is appropriate for the Agreed Injunction Order to be read together with two prior orders, which thereby establish[] a known and set date for trial," and maintains that Mangum "should not be allowed to simply ignore his own agreement to the form and substance of the Agreed Injunction Order."[4]

The Texas Rules of Civil Procedure require than an order granting injunctive relief, "set forth the reasons for its issuance; [] be specific in terms; [and] describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained[.]" Tex. R. Civ. P. 683. It must also set the cause for trial on the merits. *Id*. The Texas Rules of Civil Procedure further provide that the trial court must "fix the amount of security to be given by the applicant." Tex. R. Civ. P. 684. We review an order granting injunctive relief for abuse of discretion. *Abbott v. Harris Cnty.*, 672 S.W.3d 1, 7 (Tex. 2023). Because a trial court has no discretion to misapply the law, we review its legal determinations de novo. *Texas Educ. Agency v.*

---

[4] Doe argues that "[t]o the extent [the order] lacks any specific findings, [fails to] set the matter for trial, or fix the amount of a security or bond, such defect would be merely voidable, rather than void, and has been waived" by Mangum when he agreed to the order to both form and substance. The San Antonio Court of Appeals has directly addressed this issue and explained that "[i]f the supreme court had meant that such a temporary injunction was voidable, we feel certain it would have used the word 'voidable.' Instead, the court has repeatedly used the word 'void.'" *In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, no pet.) (citing *Qwest Comm. Corp v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *InterFirst Bank San Felipe N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). The San Antonio Court of Appels therefore held that "because the temporary injunction here failed to comply with rules 683 and 684, it is void." *Id*. And because "[a] void order has no force or effect and confers no rights" our sister court concluded that "[a] party who agrees to a void order has agreed to nothing." *Id*. at 271. We therefore reject Doe's arguments.

*Houston Indep. Sch. Dist.*, 660 S.W.3d 108, 116 (Tex. 2023) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

The order here does not comply with the requirements of Rules 683 and 684 because it does not specifically identify the harm Doe would have suffered had it not been issued, it does not set a date for trial on the merits, and it does not fix the bond amount. *See* Tex. R. Civ. P. 683, 684.

The order states, "[Doe] will be irreparably injured from the spoilation of the evidence"[,] and that "[Doe] will suffer imminent and irreparable harm if [Mangum]" were to transfer his real property and assets which would prevent Doe "from recovering a monetary judgment." We find the order includes only conclusory statements regarding harm. *See e.g., Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2010, no pet.) (finding conclusory statements or mere recitals of harm as insufficient to satisfy Rule 683); *see also Pebble Hills Plaza, Ltd. v. ASLM, Ltd.*, No. 08-23-00157-CV, 2024 WL 866664, at *3 (Tex. App.—E Paso Feb. 29, 2024, pet. denied) (mem. op.) ("Merely stating that a party will 'suffer irreparable harm' or has 'no adequate remedy at law' does not meet Rule 683's specificity requirement."). Even if the order met the specificity requirement of Rule 683, it still failed to satisfy other mandatory provisions.

The order does not set the cause for trial on the merits, and we reject Doe's argument that this requirement can be circumvented because there is a separate order setting a trial date. *See DeVoll v. Demonbreun*, No. 04-13-00900-CV, 2014 WL 1494609, at *1 (Tex. App.—San Antonio Apr. 16, 2014, no pet.) (mem. op.) (rejecting argument that temporary injunction order that did not comply with Rule 483 was not void because the trial court signed a separate order setting the cause for trial on the same day it signed the temporary injunction order). As the San Antonio Court of Appeals has explained:

> There are at least two reasons for requiring a temporary injunction to include a trial date. One is to prevent the temporary injunction from effectively becoming

6

permanent without a trial. The second is for the order to be complete on its face and not "reference to the complaint or other document.

*In re Garza*, 126 S.W.3d 268, 272 n.3 (Tex. App.—San Antonio 2003, no pet.) (cleaned up).

"The requirements of Rule 683 are mandatory and must be strictly followed." *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). A temporary injunction order that does not adhere to the requirements of Rule 683 is subject to being declared void and dissolved. *Id.*

The same is true of the requirement in Rule 684 that an order granting a temporary injunction fix the amount of security to be given by the applicant. *Qwest*, 24 S.W.3d at 337; Tex. R. Civ. P. 684. These procedural requirements are likewise mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. *Id.* (citing *Paz Const. Co.*, 715 S.W.2d at 641).

Because the order fails to comply with the mandatory provisions of the Texas Rules of Civil Procedure, it is void. Accordingly, the trial court abused its discretion by issuing an order that does not comply with the mandates of Rules 683 and 684. Mangum's sole issue is sustained.

## III. CONCLUSION

We vacate and dissolve the order, and remand this cause to the trial court for further proceedings.

MARIA SALAS MENDOZA, Chief Justice

January 5, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.
Palafox, J., dissents without opinion.

7